### CITY OF DETROIT *v.* TRIANGLE LAND CO.

TAXATION—INJUNCTION—RES JUDICATA—WRIT OF ASSISTANCE.
   On a bill by the city of Detroit to enjoin the service of a writ of assistance, on the ground that it was entitled to have the value of improvements admeasured and set off to it, and that defendant tax title purchaser was entitled to the interest in the land only, independent of the building, where said question was decided adversely to plaintiff's claim in a former decision by the Supreme Court, the decree of the court below dismissing the bill was proper.

Appeal from Wayne; Hosmer, J. Submitted June 6, 1919. (Docket No. 76.) Decided July 17, 1919.

Bill by the city of Detroit against the Triangle Land Company and another to enjoin the service of a writ
207—Mich.—4.

of assistance. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Walter Barlow* (*Clarence E. Wilcox*, of counsel), for plaintiff.

*Frederick E. DeCamp* (*Albert DeCamp*, of counsel), for defendants.

OSTRANDER, J. After the decision in the cause of *Triangle Land Co.* v. *City of Detroit*, 204 Mich. 442, the Triangle Land Company was granted a writ of assistance, which writ was placed in the hands of the sheriff for service. This upon the order of a judge of the Wayne county circuit court. Service of the writ was temporarily enjoined, upon the filing of the bill in this cause, by another judge of the Wayne county circuit court. Thereupon the bill was answered and such proceedings were had that on April 5, 1919, a decree dismissing the bill was entered. From that decree the city of Detroit has appealed.

The land in question is lot 3 and the westerly one-half of lot 2, in block 55, of the Woodbridge farm as divided by commissioners in partition. The title to the land of the Triangle Land Company rests upon a tax levied thereon for the year 1907, the property being assessed April 1, 1907, the roll confirmed May 2, 1907. It was vacant property when assessed. The city purchased it of the owner May 22, 1907, for $2,250 and immediately erected thereon a building at a cost of more than $20,000 for use of its fire department. It is the claim of the city that the tax title holder and owner became possessed at the tax sale of only the interest in the land independent of the building and that the building is an interest which belongs to the city. It seeks in this suit to have the value of the improvement as distinguished from the value of the land admeasured and set off to it, either in

partition proceedings or by a sale of the premises and a division of the proceeds of the sale.

The defendant Triangle Land Company claims that it owns the premises as they are, and claims further that all the rights of the parties were adjudicated in the case of *Triangle Land Co.* v. *City of Detroit.* In that case, in resisting the application of the Triangle Land Company for a writ of assistance to put it in possession of the lands, the city set up the fact of the improvement and made a claim to the building as an improvement. Supplemental briefs were asked for by this court upon the subject of the discretionary power of a court of chancery to impose terms in granting a writ of assistance. After the opinion was filed, there was a motion for a rehearing by the city of Detroit, in which it was insisted that the court failed to consider its prayer that the city be allowed for improvements. The rehearing was denied. It is clear, therefore, that the question now presented was before the court in the original proceeding and was determined adversely to the contention of the city. We held:

"We are constrained to conclude that plaintiff has shown a compliance with requirements of the tax law establishing legal rights which it is entitled to maintain by this proceeding as the statute authorizes."

In short, we held that the Triangle Land Company was entitled to have the writ of assistance to put it in possession of the land as it was. Independent of this, we know of no statute and of no rule of law which sustains the contention of the plaintiff in this suit.

The decree of the court below is affirmed, with costs to appellee.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.