KNOTH *v.* A. HARVEY'S SONS MANF'G. CO.

JUDGMENT—CONCLUSIVENESS—RES JUDICATA—INJUNCTION.

On appeal from a decree dismissing plaintiffs' bill to set aside a sale of land to satisfy a judgment and to enjoin the issuing of a writ of assistance, where it appears that the matters in controversy were once litigated and decided adversely to plaintiffs, from which no appeal was taken, the decree of the court below will be affirmed, although additional facts are set up in the bill and additional prayers appended thereto.

Appeal from Wayne; Codd (George P.), J. Submitted October 15, 1920. (Docket No. 30.) Decided December 21, 1920.

Bill by Hilliard Knoth and another against A. Harvey's Sons Manufacturing Company to set aside a commissioner's sale, and to enjoin the enforcement of a writ of assistance. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*E. A. Fink,* for plaintiffs.

*Henry B. Graves,* for defendant.

On November 7, 1910, defendant in the case at bar secured a judgment against plaintiff Hilliard Knoth. In September of the same year, plaintiff had purchased upon a land contract the property here in question and had, with his family, gone into occupancy thereof. During the five years following, plaintiff made such payments upon the land contract as to entitle him to a deed of the premises (which was taken in the names of himself and wife as tenants by the entireties) and during the same time had paid about $113 upon the judgment. Plaintiff having made no further payments upon the judgment, defendant caused the same to be certified to the circuit court and execution issued thereon, which was returned *nulla bona*. Upon an *alias* execution a levy was made upon the property in question and on June 8, 1916, defendant filed a bill in the nature of a judgment creditor's bill in which it was averred that the title to said real estate was taken in the joint names of the two plaintiffs as tenants by the entireties fraudulently and "as a mere sham and made so as to hinder, delay and defraud" the defendant. The prayer of the bill asked "that the deed of conveyance made to the said Hilliard Knoth and Frances Knoth, his wife, may be decreed to be fraudulent and

wholly void as to your orator," etc. Both plaintiffs were personally served with process in this chancery suit, but neither entered an appearance therein.

Nearly a year later, and on April 30, 1917, after plaintiffs had been duly defaulted for lack of appearance, a decree was entered in said proceeding wherein it was determined that the deed attacked "is fraudulent and wholly void as to the plaintiff herein, and that said land is the property of the said Hilliard Knoth, and that the said Frances Knoth has no right, title nor interest therein, as against the plaintiff herein, or against whomsoever may be the purchaser or purchasers thereof and whatsoever apparent interest she may have therein is held in trust by her for said Hilliard Knoth." The decree then proceeds to order the land to be sold by a circuit court commissioner for the county of Wayne "in the manner and after giving the notices required by law for the sale of land upon levies made by virtue of writs of *fieri facias* issued to enforce judgments of courts of law." Then follow the usual provisions as to the application of the funds so realized, the giving of the deed, the right of redemption, etc.

About a month later, and on June 7th, plaintiff Hilliard Knoth was notified in writing of the decree and the amount thereof, said notice concluding:

"If you wish to save the expenses of sale and do not wish to lose the property, you had better pay this sum at once."

Complying with the terms of the decree, the property was sold on October 19, 1918, to defendant by a circuit court commissioner, the sale was confirmed, and the deed recorded. Again, on November 6th, more than six months after the entry of said decree, plaintiffs were both notified of the situation, the notice concluding:

"It is not the desire of client to secure the property, but only to compel payment of the debt due client. However, unless the redemption is made from the sale, the property surely will be lost."

No steps were taken by the plaintiffs to protect their rights and the matter remained *in statu quo* for over ten months thereafter.

Shortly before September 18, 1918 (about 15 months after the entry of said decree), plaintiffs herein filed a petition in the judgment creditor's proceeding, setting out, among other things, that—

"Your petitioners had before that time been legally advised that the said premises so purchased and occupied was a homestead, exempt and reserved to them by the Constitution and laws of the State of Michigan, and that they were secure from being deprived thereof through any legal process, and that relying upon such legal advice and assurance, your petitioners made no appearance in the said cause herein, and were wholly ignorant of any and all proceedings taken therein, except that they were later informed by letter from counsel for plaintiffs that the said premises, constituting the homestead of these petitioners, had been sold under decree and order of this court and that unless these petitioners redeemed from such sale their home would be lost to them."

The fact of the sale under the terms of the decree and the giving of the deed are likewise set out in said petition, and the following relief is prayed:

"Your petitioners therefore pray that they may have leave of this honorable court granted to them to file an answer to the said bill of complaint, and in connection with such answer to exhibit an answer in the nature of a cross-bill to be considered as a bill of review and supplement against the said plaintiff A. Harvey's Sons Manufacturing Company, Limited, for the purpose of having the said decree vacated and set aside, and that a new decree may be made and entered in this cause in accordance with the facts and equities therein, a copy of such answer and proposed bill of review and supplement being hereto attached, and that your peti-

tioners may have such further and other relief as shall be agreeable to equity," etc.

To this petition, defendant filed an answer and the same came on to be heard before Judge Hosmer, who, after argument, on October 16, 1918, entered the following order:

"This cause having come on to be heard upon the application of the defendants for leave to file a bill of review and supplement, and for an order vacating the decree heretofore filed, entered and enrolled in the cause, and permitting the defendants to file an answer to the bill of complaint, and upon the answer of the plaintiff to said petition, and after hearing the arguments of counsel for the plaintiff and defendants, respectively:

"It is ordered that said petition be and the same is hereby denied."

Thereafter, and on October 22, 1918, defendant wrote the following letter to counsel for plaintiffs:

"The time for redemption has now expired in this matter and I understand from you that you have heard nothing from your clients. In view of the fact that the hearing on your application was delayed partly on my account, I think it no more than fair to give you a little additional time to enable your clients to act.

"Accordingly, your clients may either redeem by paying the full amount with interest at 6 per cent. on or before October 31, 1918, or my client will give them a land contract to repurchase the property for $475, payable cash $125, and the balance of $350 with interest at 6 per cent., in monthly payments of $10 or more, provided all is to be paid within three years.

"If either of these steps is not taken on or before October 31st, I do not think there will be any more negotiating."

Plaintiffs, through their counsel, replying to said letter, offered to pay the sum of $322.25 for a quitclaim deed. This offer was declined by defendant and an

application for a writ of assistance was made. Notice of hearing was fixed for the 7th day of July, 1919.

At this point in the controversy, the bill herein was filed by plaintiffs, in which the entire history of the case was set forth, plaintiffs praying for the following relief:

"(a) That the sale of the said homestead under decree, as aforesaid, because of irregularity in disregarding the directions of the decree and the statute in such case made and provided, be set aside and held to be wholly void and without effect; that your orators may be protected in their homestead rights.

"(b) That the said defendant, its agents and attorneys, be restrained by order and injunction of this court from interfering with the possession of your orators of said premises.

"(c) That the said defendant, by order and injunction of this court, be restrained from taking any proceedings whatever for interfering with the possession of your orators to the said premises until further order of this court.

"(d) That your orators may have such other, further and different relief as may be agreeable to equity and good conscience, and your orators will ever pray," etc.

An answer was filed and the case went to a hearing on September 15, 1919. The only evidence introduced by plaintiffs, aside from that of a documentary character, consisted of testimony tending to show that plaintiffs had since 1910 occupied the premises in dispute as a homestead, and that its value was about $2,200, subject to a mortgage of $600. After argument, the court rendered the following opinion:

"I do not believe that the sale of the property in question was not in conformity with either the statute or the provisions of the decree itself. I believe these matters have been practically decided by the order of Judge Hosmer, which has not been appealed from, and I am not disposed to disturb either his findings or the former decree of this court.

"The bill may be dismissed."

From a decree rendered in accordance therewith, the plaintiffs appealed.

BROOKE, J. (*after stating the facts*). The history of this case, as set out in the foregoing statement of facts, demonstrates, we think, that plaintiffs have been guilty of such laches in endeavoring to protect their rights after they had been fully advised of them as should, under our authorities, prevent a consideration of their contentions upon the merits. *Goodwin* v. *Burns,* 21 Mich. 211; *Lyon* v. *Brunson,* 48 Mich. 194; *Union Trust Co.* v. *Amusement Co.,* 168 Mich. 574.

It is, however, unnecessary to predicate determination upon this point. The petition filed by the plaintiffs in the judgment creditor's proceeding directly attacked the decree therein upon the very ground now urged as a reason for relief, namely, that no consideration had been given to the fact that the property in question was occupied by the plaintiffs as a homestead. Judge Hosmer, in his order of October 16, 1918, denied the prayer of that petition, and no appeal was taken from that order nor from the decree to which it related.

The contention of the plaintiffs in the case at bar that, in their prayer for relief in said petition they did not specifically ask that the sale be set aside, whereas in their prayer for relief in the case at bar they admit the validity of the decree but demand that the sale be set aside, is, we think, without force. Had the decree been vacated in accordance with the petition in the judgment creditor's proceeding, the sale, of course, would necessarily have been vacated. The matter having once been litigated and a determination having been reached thereon, and no appeal having been taken from that determination, the parties are not now entitled by independent bill to relitigate the same questions, even though additional facts are set up in the

bill and additional prayers appended thereto. *Kellogg* v. *Thompson's Estate*, 115 Mich. 618; *Peters* v. *Youngs*, 122 Mich. 484; *Harrington* v. *Huff & Mitchell Co.*, 155 Mich. 139; *People* v. *Railway Co.*, 157 Mich. 144; *LaVasser* v. *Lumber Co.*, 190 Mich. 403; *City of Detroit* v. *Triangle Land Co.*, 207 Mich. 49.

The decree of the court below, dismissing the bill, is affirmed.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.