MOORE v. PROBST.

1. MORTGAGES — FORECLOSURE — ALTERATIONS — EVIDENCE — SUFFI-
CIENCY.

   In proceedings against a husband and wife to foreclose a
   land contract, evidence in support of the wife's cross-bill,
   *held*, sufficient to show that material alterations in the
   deed and contract back to defendants were made after
   she signed them.

2. SAME — DEFICIENCY DECREE UNAUTHORIZED WHERE NO SALE
MADE.

   Where, in proceedings against a husband and wife, fore-
   closure of a land contract was refused because of material
   alterations therein after the wife signed it, and no sale
   of the premises was made as contemplated by the statute
   (3 Comp. Laws 1915, § 12678 *et seq.*), the court was
   without authority to enter a deficiency decree against the
   husband thereunder.

Appeal from Wayne; Moinet (Edward J.), J., pre-
siding.    Submitted October 20, 1922.    (Docket No.
21.)    Decided November 2, 1922.

Bill by Ralph S. Moore, trustee, and others, against
Jerome Probst and Sarah E. Probst for the foreclosure
of a land contract.    Defendant Sarah E. Probst filed
a cross-bill to set aside a deed and contract on the
ground of fraud.    From a decree for defendant Sarah
and against defendant Jerome, plaintiffs and defend-
ant Jerome appeal.    Modified and affirmed.

*Charles H. Hatch,* for plaintiffs.

*Charles C. Stewart,* for defendant Sarah E. Probst.

*Seymour H. Person,* for defendant Jerome Probst.

220—Mich.—32.

CLARK, J. Defendants, Jerome Probst and Sarah E. Probst, are husband and wife. Mr. Probst and the plaintiffs had dealings in stock which resulted in loss. To pay a portion of the loss Mr. Probst on July 23, 1919, entered into a written agreement with plaintiffs, in which, to secure payment, he promised to cause to be conveyed to them, by deed with contract back, the homestead of Mrs. Probst. The deed was executed and acknowledged and the contract was signed by Mrs. Probst on July 19, 1919. It is her claim that she was the first to sign the contract, that material alterations without her consent were made in both papers after she had signed them, and that her signatures were procured by fraud. Plaintiffs filed a bill for foreclosure. Mrs. Probst by cross-bill prayed that both papers be set aside for the reasons stated. The bill was taken as confessed by Mr. Probst for want of pleading. The trial court found the allegations of the cross-bill respecting such alterations to be true and decreed to Mrs. Probst the relief she prayed. Plaintiffs and Mr. Probst have appealed.

1. It is conceded by counsel that if material alterations of the papers were made as claimed the decree, as regards the relief afforded Mrs. Probst, must be affirmed. The defense put in evidence photographs of the deed and contract which are said to show the papers as they were just after the signing by Mrs. Probst. A consideration of all the evidence and a comparison of the deed and contract in question with the photographs show beyond question that the alterations were made as claimed, and that the trial judge was right in saying that such photographs were authentic and indisputable.

2. The bill of complaint sought decree against Mr. Probst for any deficiency that might arise upon sale of the claimed mortgaged premises, it being plaintiffs' claim that the agreement between them was evidence

that the debt secured was the debt of Mr. Probst, as well as that of the mortgagor. The decree provides that plaintiffs recover against Mr. Probst the full amount due with costs and charges and that they have execution therefor. It is from this provision of the decree that Mr. Probst appeals. The power of the court to decree in foreclosure proceedings the collection of a deficiency after exhausting the land is derived from the statute. See 3 Comp. Laws 1915, § 12678 *et seq.*

Had the facts warranted such action, the court in this proceeding might have decreed payment by Mr. Probst of the balance of the debt remaining unsatisfied "after a sale of the mortgaged premises." 3 Comp. Laws 1915, § 12680, and cases cited in annotations. But there being contemplated no sale of the premises and hence no deficiency arising thereon, the court was without authority to enter the decree against Mr. Probst. See *Johnson* v. *Shepard,* 35 Mich. 115, where this subject is fully considered. As to him the decree is reversed.

The decree, as so modified, is affirmed. Mrs. Probst will recover against plaintiffs her costs in this court. Because of the failure of Mr. Probst to defend in the circuit court no costs are allowed him here.

FELLOWS, C. J., and WIEST, MCDONALD, SHARPE, and STEERE, JJ., concurred. BIRD and MOORE, JJ., did not sit.