HOGAN *v*. WHITCOMB.

1. JUDGMENT—JURISDICTION—DECREE WITHIN PLEADING.

Where plaintiff's suit to have her deed and land contracts back to her declared mortgages was consolidated with defendants' suits to foreclose the contracts as contracts, the court had jurisdiction to afford appropriate relief, even

if it could not give all the relief asked, and, therefore, plaintiff's claim that the court was without jurisdiction to foreclose the contracts as equitable mortgages because defendants asked to have them foreclosed as contracts is without merit.[1]

2. SAME—DECREES UNAPPEALED FROM RES ADJUDICATA OF MATTERS DECIDED.

A decree foreclosing land contracts as equitable mortgages, and a later decree refusing to set the sale aside, where neither were appealed from, became *res adjudicata* of the matters therein decided.[2]

Appeal from Wayne; Dunham (Major L.), J., presiding. Submitted October 23, 1925. (Docket No. 145.) Decided December 22, 1925.

Bill by Isabel M. Hogan against Edgar B. Whitcomb and another to set aside the foreclosure of certain mortgages, and for an accounting. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*John E. Moloney* and *Edmund E. Shepherd,* for plaintiff.

*Munro & Powell,* for defendants.

FELLOWS, J. Plaintiff was the owner of three vacant lots in Detroit. She desired to have houses erected on them. Defendant Edgar B. Whitcomb is a contractor and builder. Plaintiff deeded to defendants the three lots and took back three land contracts in the usual form and an agreement to construct the houses. On November 5, 1921, plaintiff filed her bill in Wayne circuit court, in chancery, alleging that the contracts had been procured by fraud, that the work of constructing the buildings had been improperly done, that the transaction should be treated as a mortgage and could only be foreclosed as a

---

[1]Judgments, 33 C. J. § 98; [2]Id., 34 C. J. § 1282.

mortgage and that summary proceedings before that time instituted by defendants should be restrained. Defendants answered issuably and filed three independent suits to foreclose the land contracts as land contracts. There were cross-bills and other pleadings not necessary to detail. The cases were consolidated and heard by the late Judge Clement Smith. He found: (1) that no fraud had been perpetrated on plaintiff, (2) that she was entitled to certain allowances for damages by reason of improper workmanship, and otherwise, (3) that the deeds and contracts constituted equitable mortgages and (4) decreed their foreclosure for the balance found due with the usual provisions for mortgage foreclosures in chancery. The premises were sold under this decree, the sale was confirmed, and, after it had become absolute, plaintiff filed a petition to have it set aside. Judge Clement Smith being deceased, the matter was brought on for hearing before Judge Moinet and the prayer of the petition was denied.

The present bill contains the same allegations of fraud as the one filed November 5, 1921, and urges the same irregularities and raises the same question presented to Judge Moinet. Upon the hearing it was dismissed on the ground that the decree entered by Judge Smith and the order of Judge Moinet, neither of which had been appealed from, were *res adjudicata.* It is insisted by plaintiff's counsel that the decree entered by Judge Smith was entered without jurisdiction and hence open to collateral attack. The argument advanced is this: The decree must be within the pleadings, and as the bills of defendants asked to foreclose the land contracts as land contracts and not as mortgages, the court had no jurisdiction to decree a foreclosure of them as mortgages. It would be a sufficient answer to this argument to call attention to the fact that plaintiff in that case herself

asked that they be decreed to be mortgages. But we think it would be quite startling to the profession if we should hold, as we are asked to hold, that the court lost jurisdiction to afford any relief because it could not give a party all the relief he asked. It needs no citation of authorities to demonstrate that this argument is not sound. It is also claimed by plaintiff that her petition heard by Judge Moinet was not seasonably filed. Defendants point out that it was filed in time. It was heard and disposed of on its merits. There must at some time be an end to litigation. Plaintiff invoked the aid of a court of equity and her rights and those of defendants were fully considered and fixed by a final decree which remains unappealed from. Claiming there were irregularities in the sale following the decree, she applied to the court in that case for relief from the decree and sale, was heard upon the merits, denied the relief asked, and again her rights were fixed by an order of the court which is unappealed from. If the doctrine of *res adjudicata* is to remain in force, it must be applied to the instant case.

The decree will be affirmed, with costs of this court.

McDonald, C. J., and Clark, Bird, Sharpe, Moore, Steere, and Wiest, JJ., concurred.