ZIRKALOSO *v.* WAYNE CIRCUIT JUDGE.

JUDGMENT—DEFAULT JUDGMENT SHOULD NOT BE SET ASIDE UNDER CIRCUIT COURT RULES IN ABSENCE OF PROPER SHOWING.

Under Circuit Court Rules Nos. 32, § 4, and .56, § 1, application to have a default judgment set aside and for a rehearing, made more than eleven months after default was entered and nearly nine months after entry of final judgment, should have been denied, where not supported by proper affidavits or testimony; pending negotiations relative to a settlement of the matters in litigation being insufficient to suspend the operation of said rules.

Mandamus by Ernest F. Zirkaloso and Anna Zirkaloso to compel DeWitt H. Merriam, circuit judge of Wayne county, to set aside and vacate orders granting leave to file petition for rehearing and granting rehearing. Submitted January 8, 1929. (Calendar No. 33,958.) Writ granted March 29, 1929. Rehearing denied June 20, 1929.

*Fred H. Aldrich,* for plaintiffs.

*Frank C. Golden* and *Donald A. Wallace,* for defendant.

NORTH, C. J. This is a mandamus proceeding which has arisen incident to a foreclosure wherein the bill of complaint was filed December 31, 1926, by Ernest F. Zirkaloso and his wife, Anna Zirkaloso, against A. Milton Humber and Arthur Mendenhall. The plaintiffs in that suit, which will be referred to herein as the foreclosure case, sought to foreclose the interest of Humber and Mendenhall as vendees in 113 land contracts. Both of the defendants appeared by their attorneys, but they were defaulted for failure to answer on March 24, 1927; decree of foreclosure was signed and filed June 8, 1927, and the sale which followed was confirmed September 9, 1927. There was a deficiency decree for $47,793.57. Execution issued thereon but was returned unsatisfied December 15, 1927. The plaintiffs instituted disclosure proceedings. These were adjourned several times, and on February 28, 1928, the defendant Humber made and filed a motion for leave to file a petition for a rehearing. At the same time he filed a petition to have his default and the decree set aside and for a rehearing, also a motion to dismiss plaintiffs' bill of complaint, an answer to the bill of complaint and a petition for leave to file a

bill in the nature of a bill of review. A hearing was had March 9, 1928, at which time the plaintiffs presented a motion to dismiss the motion and petition of the defendant Humber for the reason that the same was filed more. than six months after the default of the defendants was entered. The granting of the relief sought by the defendants was opposed by the plaintiffs for various other reasons assigned. On March 19, 1928, an order was entered granting leave to file the petition for rehearing, and subsequently (May 7, 1928) a rehearing was granted. The plaintiffs seek in this proceeding by mandamus to compel the circuit judge to vacate the orders of March 19th and May 7th.

From the foregoing statement of facts, it is evident that Humber's application to have his default set aside and the decree in the foreclosure suit vacated was made more than eleven months after the default was entered and nearly nine months after the decree was entered.

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless application shall be made within six months after such default is regularly filed." Circuit Court Rule No. 32, § 4.

"On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within four months from the entry of the final decree." Circuit Court Rule No. 56, § 1.

We have given the record careful consideration, but fail to discover, any reason why the foregoing rules should not be applied to. this case. Pending negotiations relative to an adjustment of the matters in litigation do not suspend the operation of

rules of procedure. We are not favorably impressed with Humber's claim that the amended bill of complaint contains allegations which negative plaintiffs' right to have a decree for a deficiency, or that he was deceived or misled by plaintiffs' offers to settle. The application for a rehearing was not supported by proper affidavits or testimony. In practically all of its essential features, it was based on hearsay only. Humber had departed on a European journey shortly before the application for the rehearing was made; but it appears from the record that both he and his attorneys had knowledge of the decree taken by the plaintiffs at least three months before his departure. The unsatisfactory and inadequate character of the showing made in his behalf incident to his application for a rehearing can not be excused because of his absence at the time it was made. It was insufficient, and the application should have been denied. The orders entered by the circuit judge should be vacated, and if necessary the writ of mandamus will issue. The appellants will have costs of this court against A. Milton Humber.

Fead, Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.