DROUILLARD *v.* LABADIE.

JUDGMENT—RES ADJUDICATA.

> Decree dismissing suit involving ownership of strip of land and boundary line, from which no appeal was taken, is conclusive in subsequent suit between same parties involving same subject-matter, whatever may be claimed for it.

Appeal from Wayne; Black (Edward D.), J., presiding. Submitted October 23, 1929. (Docket No. 123, Calendar No. 34,643.) Decided December 3, 1929. Rehearing denied January 24, 1930.

Bill by Edmund T. Drouillard against Charles A. Labadie to settle boundary dispute. From a decree for plaintiff, defendant appeals. Reversed.

*Thomas A. E. Weadock,* for plaintiff.

*Atkinson, O'Brien & Clark (Frank W. Atkinson,* of counsel), for defendant.

CLARK, J. In May, 1922, plaintiff filed a bill of complaint in the Wayne circuit against defendant

Charles A. Labadie alleging that he owned, which was the fact, a part of private claim 179, lying between Monroe road and Detroit river, sufficiently described, and that defendant, owner of a parcel adjoining on the north, had entered upon the land and was erecting a fence four feet south of plaintiff's north line on the assertion and claim that the proposed fence marked the true line. The bill prayed injunction, and decree that plaintiff was the owner of the disputed strip. Plaintiff's claim was set forth on two grounds, adverse possession and fixing a boundary line by consent. After hearing decree was entered, Judge Sample sitting, in July, 1924, dismissing plaintiff's bill. No appeal was taken.

Plaintiff engaged his present counsel and in January, 1925, filed petition for rehearing, alleging that the decree was erroneous in that it denied plaintiff's claim of adverse possession and in that "it appeared from the testimony that it was a case where there was an excess of land over the survey, which excess should have been apportioned between the parties, if plaintiff's claim of adverse possession was not sustained by him." The petition was denied and no appeal taken.

Subsequently plaintiff filed another bill against defendant, again asserting title to the disputed strip and again raising the same questions as before, and, Judge Black sitting, plaintiff had decree which purported to divide the disputed strip between the parties. On motion of plaintiff this decree was vacated. Plaintiff filed another bill against defendant for the same cause. The later bills were consolidated and heard by Judge Black. Plaintiff had decree, from which defendant has appealed.

No matter what may be claimed for it, the contention here is that the court ought equitably to reach

a different conclusion on the evidence here presented, chiefly testimony of surveyors, from that reached by Judge Sample on the evidence before him, including the testimony of a surveyor. No matter what may be claimed for it, the cause here for review is an attempt to litigate again between the same parties the matter presented and necessarily involved in the cause before Judge Sample.

The decree and order of Judge Sample are conclusive, a bar to these later suits. 15 R. C. L. p. 962; *Tessler* v. *Rothman,* 232 Mich. 62; *Palmer* v. *Pokorny,* 217 Mich. 284; *Hogan* v. *Whitcomb,* 233 Mich. 403; *Knoth* v. *A. Harvey's Sons Manfg. Co.,* 212 Mich. 415.

In the hearing of this cause defendant's counsel offered to consent to re-entry of vacated decree of Judge Black purporting to divide between the parties the disputed strip, and the offer is again made in this court.

Decree is reversed. Within 30 days plaintiff may accept consent decree in effect restoring the vacated decree of Judge Black. If plaintiff shall not so accept decree will follow dismissing the bills of complaint.

In either event defendant will have costs of both courts.

NORTH, C. J., and FEAD, BUTZEL, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.