## KLEIN v. PINES.

1. JUDGMENT—RES JUDICATA.

   When a matter has once been litigated, determination reached thereon and no appeal therefrom taken, the parties are not entitled by independent bill to relitigate the same questions, even though additional facts are set up in the bill and additional prayers appended thereto.

2. SAME—CONSTRUCTION OF DECREE—RECORD.

   In suit by one of two vendees under a land contract for accounting by other vendee and plaintiff's alleged agent and for conveyance on payment of contract balance, plaintiff's construction of decree dismissing his former bill that court's finding that plaintiff has made no payment as claimed or that he had received a deed claimed to have been lost was dicta *held*, not supported by record where decree, which had been proposed by plaintiff and which dismissed his bill without prejudice because of nonjoinder of covendee, had not been approved but general decree dismissing bill was entered.

3. TRUSTS—PARTIES—VENDOR AND PURCHASER.

   Purchaser under a land contract who paid his agent for obtaining vendor's title and which agent acquired such title, was not required to join copurchaser in suit for conveyance on principle that agent took title in trust for purchaser since copurchaser, not being a party, would not be bound by the decree.

4. JUDGMENT—IDENTITY OF ISSUES.

   In suit for accounting and specific performance, where claim of payment of a certain amount and right to conveyance from plaintiff's agent, now advanced, is identical with claim in former suit, decree dismissing bill therein is *res judicata* of that issue.

5. SAME—OTHER ISSUES.

   Dismissal of plaintiff's bill, seeking to hold his agent as trustee of vendor's interest because of failure of purchaser to show therein that he paid agent amount latter paid vendor, *held,*

not to justify dismissal of bill in second suit against agent as plaintiff is entitled to a hearing upon amount due agent and right to conveyance on payment of such amount.

6. Taxation — Mortgage Tax — Payment—Judicial Order—Evidence.

Exception to requirement that a court should refuse to consider a case involving a mortgage or land contract upon which the tax has not been paid is made to the extent of remanding case to trial court for making of judicial order for production of a copy of the contract by defendants or otherwise enable plaintiff to pay tax before proceeding further, where plaintiff is willing to pay tax but unable to do so because defendants have possession of land contract; the tax being chargeable to person liable therefor (1 Comp. Laws 1929, § 3647).

Appeal from Wayne; Nicol (Henry G.), J. Submitted June 11, 1937. (Docket No. 84, Calendar No. 39,428.) Decided September 1, 1937.

Bill by Harry Klein against Gustave Pines and wife and Ralph Cutler for an accounting and other relief. Cross-bill by defendant Cutler against plaintiff for an accounting and other relief. Bill dismissed. Plaintiff appeals. Affirmed in part and reversed in part and remanded.

*Maxwell W. Benjamin* and *Oscar D. Berris,* for plaintiff.

*David I. Hubar* (*Milton M. Maddin,* of counsel), for defendants Pines.

Fead, C. J. This is an appeal from a decree dismissing the bill of complaint as to defendants Pines on the ground that a former suit and decree are *res judicata* of the issue.

November 19, 1935, plaintiff filed bill against defendants Pines, alleging that, by reason of assignment, he was sole vendee in a land contract; that

Gustave Pines was his agent and confidential advisor through whom he made payments on the contract; that about January 3, 1935, the unpaid balance of the contract was $1,100, and he gave the amount to Pines as his agent to pay the vendors and obtain a deed to plaintiff; that a few days later Pines said he had paid the vendors but had taken the deed to himself and wife; that the deed was dated January 10th and recorded January 15th; that, within a week after January 15th, Pines and wife executed a deed to plaintiff and delivered it to his wife; that plaintiff did not desire to record it immediately but put it in a safe in his home; that in July burglars entered the house and took the safe and deed; that he asked Pines and wife to execute a new deed to him and they refused.

The prayer was:

(a)   That the destroyed deed from the Pineses to plaintiff be restored, plaintiff decreed to be the owner of the premises and the Pineses to have no interest therein;

(b)   That plaintiff have leave to record the decree with the same effect as if the original deed were recorded;

(c)   Or, in the alternative, that the Pineses be decreed to hold the title in trust for plaintiff, plaintiff be decreed to be the owner of the land, the Pineses to be divested of any interest therein, and plaintiff have leave to record the decree;

(d)   For general relief.

Defendants' answer was a general denial. The cause was heard on the merits and decree entered February 29, 1936, dismissing the bill.

The present bill was filed May 8, 1936, and alleges that plaintiff and defendant Cutler, by assignments, became the contract vendees in 1929; that plaintiff

paid various sums on the contract for Cutler, who was unable to pay; that in January, 1935, the unpaid balance was $1,301.56, of principal and interest; that Pines was plaintiff's agent and confidential advisor; that in January, 1935, plaintiff instructed Pines to try to secure a discount on the contract balance; that Pines advised plaintiff that vendors would accept $1,100 in full, and plaintiff paid Pines the amount to obtain a deed for him; that about January 15th Pines told plaintiff he had paid the contract balance and had taken deed to himself and wife; that Pines and wife refused to execute a deed to plaintiff and Cutler and denied that plaintiff had paid Pines the $1,100; that Pines purchased the vendors' interest for $800; that on July 20th plaintiff loaned Pines $500 in exchange for the latter's check and the check was stolen by burglars; that plaintiff brought action at law against Pines for the $500, the latter admitted receipt of the money and claimed he had applied it on the contract purchase price; that the Pineses deny receipt of the $1,100 but claim to own the vendors' interest and assert that the amount due is $868.18, after credit of the $500; that April 29th Pines gave notice of intention to forfeit the contract, and on May 7th plaintiff received a purported notice of forfeiture; that plaintiff is willing to pay whatever may be due on the contract but claims Pines is indebted to him for $1,600, less the $800 paid by Pines to the vendors.

The prayer is:

(a) Accounting with Pines to determine unpaid purchase price of the contract;

(b) Accounting between plaintiff and Cutler;

(c) That Pines be decreed to have been agent of plaintiff in purchasing the vendors' interest and is entitled to credit only for $800, the amount he paid the vendors;

(d)   That the Pineses be decreed to convey the land to plaintiff and Cutler upon the payment of the amount, if any, determined to be due Pines from them;

(e)   That plaintiff have lien on Cutler's interest for money due plaintiff from him on accounting;

(f)   For general relief.

In their answer defendants admit receipt of the $500 and say it was applied on the land contract, make denial of most of the other essential allegations of the bill imposing liability on them and set up claim of *res judicata*.

In reply, plaintiff again alleges execution and delivery of the deed by Pines to him and its loss through burglary, denies the claim of *res judicata*, and denies that the $500 was paid on the contract or that it was so applied.

The rule of *res judicata* is thus expressed in *Knoth* v. *A. Harvey's Sons Manfg. Co.*, 212 Mich. 415, 421, and approved in *Cohen* v. *Home Life Ins. Co.*, 273 Mich. 469:

" 'The matter having once been litigated and a determination having been reached thereon, and no appeal having been taken from that determination, the parties are not now entitled by independent bill to relitigate the same questions, even though additional facts are set up in the bill and additional prayers appended thereto.' "

The testimony in the prior suit is not before us. Cutler was not a party to that suit but he seems to have been injected into it. In its opinion the court found that plaintiff had not proved, first, that he had an assignment of Cutler's vendee interest in the contract, and second, that he had paid Pines the $1,100, or that Pines and wife had given deed to plaintiff.

Plaintiff construes the decree as dismissing his bill for nonjoinder of Cutler and, from that point, argues that the court's finding as to payment and deed was dicta and not decision on the merits, and, therefore, not *res judicata.*

The record does not sustain the contention as a matter of the intention of the court. Plaintiff presented to the court a form of decree dismissing the bill without prejudice, expressly declaring that the questions of fact as to the payment of the $1,100 by plaintiff to Pines and the execution of the deed by the Pineses to plaintiff and the loss of the latter deed were not passed upon, and laying decision wholly upon the ground that Cutler's outstanding interest prevented relief to plaintiff. The court refused to so decree. It entered general decree dismissing the bill.

Was plaintiff's construction the effect of the decree as a matter of law?

Cutler's interest was not mentioned in the pleadings in the first suit. We find no motion for dismissal of the bill for his nonjoinder. He was not a necessary party. Upon proof of Pines' agency for plaintiff, payment to him of the $1,100 to obtain the deed, and Pines' obtaining the deed thereby, plaintiff would have been entitled to a decree against Pines for conveyance, on the principle that Pines took the vendor title in trust for him. Such decree could not affect Cutler's rights because, not being a party, Cutler would not be bound by the decree. Plaintiff would merely step into the shoes of the vendors, with their rights and liabilities as to Cutler upon the contract.

The present suit as against the Pineses is for accounting and conveyance on payment of the contract balance, *i. e.,* specific performance. Plaintiff's pres-

ent claim that he paid $1,100 to Pines to obtain a deed as his agent and, therefore, is entitled to conveyance, is the identical claim which would have entitled him to conveyance in the first suit had he maintained it. Consequently, the decree in the former suit is *res judicata* of that issue.

However, this does not justify dismissal of the present suit against the Pineses. Plaintiff is entitled to a hearing upon the amount due on the contract and his right to a conveyance on payment of the balance.

In connection with the case, the matter of payment of mortgage tax upon the contract should be noticed. In the motion to dismiss the bill, defendants state that plaintiff has failed to pay the tax. In reply, plaintiff charges defendants are liable for the tax and asserts willingness to pay it at defendants' cost but claims inability to do so because the contracts are in possession of Pines and Cutler and he is unable to obtain them. Ordinarily, in accordance with the duty of all courts, this court refuses to consider a case involving a mortgage or land contract upon which the tax has not been paid.* Under the circumstances, however, although somewhat reluctant to make an exception, we feel that the controversy may require judicial order and the circuit court can better control it. The court should make an order for the production of a copy of the contract by Pines or Cutler or otherwise enable plaintiff to pay the tax before proceeding further. Of course, the tax will be charged to the person liable therefor.

Reversed and remanded for hearing in accordance with this opinion, but without costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.

---

* See 1 Comp. Laws 1929, § 3647.—REPORTER.