BARTNIK *v.* SAMONEK.

1. JUDGMENT—BELATED PETITION TO SET ASIDE DEFAULT—QUESTIONS REVIEWABLE.

Whether or not proceeds of note for which foreclosed mortgage had been given as security had benefited separate estate of a married woman who had signed the note and mortgage, whether or not the court had jurisdiction to enter a money judgment against her because plaintiff had not followed the statute and whether or not the decree was excessive in the light of plaintiff's testimony were questions which might have been considered had timely application been made for setting aside default and a rehearing or on appeal to the Supreme Court but formed no basis for belatedly setting aside default decree on application therefor made nearly four and a half years after default had been regularly entered following a valid personal service (3 Comp. Laws 1929, § 14366, as amended by Act No. 229, Pub. Acts 1933; Court Rules Nos. 28, § 4; 48, § 1 [1933]).

2. SAME—JURISDICTION TO ENTER DEFAULT DECREE.

Record in proceeding to set aside default decree entered against defendant married woman in mortgage foreclosure proceedings *held,* to disclose that the trial court therein had jurisdiction of the subject matter and the parties, that valid service of process had been obtained upon defendant who ignored such

process and against whom default was regularly entered upon her failure to enter her appearance (Court Rule No. 28, § 4 [1933]).

3. APPEARANCE—FAILURE TO ENTER—FRAUD.

Claim that defendant married woman failed to enter appearance in mortgage foreclosure suit because of alleged fraud practiced upon her *held,* without merit in proceeding to set aside default decree.

4. JUDGMENT—DEFAULT—ALLEGED DEFECTS—BELATED PETITION.

On petition of defendant in mortgage foreclosure suit to set aside default, decree entered was not fatally defective nor would default be set aside on decidedly belated petition because (1) alias summons served on petitioner was irregularly issued; (2) names of all defendants were not inserted in the alias; (3) return on original summons did not show whether petitioner had been served; (4) underwriting on alias did not inform petitioner a deficiency would be asked against her although it was in form required by court rule; (5) liability of other defendants was adjusted and they released; and (6) petitioner who had not entered an appearance had no notice of entry of decree until her wages were garnisheed upwards of four years later (Court Rules Nos. 13, § 2; 14; 28, § 4 [1933]).

Appeal from Wayne; Jayne (Ira W.), J. Submitted January 9, 1946. (Docket No. 28, Calendar No. 42,970.) Decided March 4, 1946.

Bill by Stanislaw Bartnik against Joseph J. Samonek, Bernice Samonek and others for foreclosure of mortgage and deficiency decree. Money decree against Bernice Samonek only. On motion of Bernice Samonek to set aside default and leave to file answer. Motion granted. Plaintiff appeals. Reversed.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Herman J. Saulson* and *John C. Coots,* for defendant Bernice Samonek.

North, J. This is an appeal from an order entered in the Wayne county circuit court in chancery by which the default of Bernice Samonek, one of the defendants in a mortgage foreclosure suit, was set aside 3 years and 4 months after the decree was entered in the foreclosure case; and incident to vacating the default she was permitted to file an answer by which the issue is sought to be presented as to whether plaintiff was entitled to a money decree against Bernice Samonek. Plaintiff, claiming that the circuit judge exceeded his authority and erroneously entered the above mentioned order, brought this appeal, leave having been granted.

In 1925, Bernice Samonek, her husband Joseph Samonek, and John Samonek gave plaintiff for money borrowed their promissory note for $1,000 payable in one year with interest at 6 per cent. per annum; and as security to the note they gave a real estate mortgage on property located in Detroit. Title to the property was in Joseph and John. Because of default in meeting the obligation plaintiff began foreclosure proceedings in April, 1939. Personal service was obtained upon each of the defendants. The service upon Bernice Samonek was obtained by an alias summons, though the writ was not designated as an alias. It was issued by order of the circuit judge on petition of plaintiff's attorney which disclosed inability to obtain service during the life of the original summons. See Court Rule No. 13, § 2 (1933), and *Burroughs* v. *Teitelbaum,* 309 Mich. 251. The alias summons and the copy served on Bernice Samonek bore the following, signed by plaintiff's attorneys:

"UNDERWRITING: A personal decree is being sought against the defendants and ————, and the bill is filed to reach interests in property,

and not to obtain any further relief against the remainder of the defendants.''

Bernice Samonek was defaulted because of failure to file her appearance. The foreclosure case was heard in June, 1941. The parties litigant other than Bernice Samonek were present in court either in person or by attorney; and under arrangements entered into by the respective parties who were before the court the bill of complaint was dismissed as to defendants except Bernice Samonek. Proof was taken and a money decree entered against Bernice Samonek for $1,912. An effort to satisfy this decree by garnishment proceedings evidently led to the present proceedings by Bernice Samonek to have her default set aside and permission to file an answer.

The taking of a money decree only against Bernice Samonek, as well as the dismissal of the foreclosure suit as to other defendants, is explained by the fact disclosed by the testimony at the original hearing that the mortgage given to plaintiff herein was subject to a prior mortgage which had been foreclosed and title to the mortgaged property had vested in B. C. Schram, as receiver of the First National Bank, Detroit. In view of this circumstance it is obvious that at the time the instant foreclosure proceeding was brought on for hearing it would have been a useless ceremony for the court to have entered an ordinary foreclosure decree, ordering the sale of the mortgaged property, et cetera. Instead, as above noted, a money decree for $1,912 was entered against Bernice Samonek, whose default for nonappearance had been regularly entered.

The motion to set aside the default and vacate the decree was heard by the same judge who heard the original case and caused the decree to be en-

tered. His opinion and order in the instant proceeding gives the following reasons for vacating the money decree entered against Bernice Samonek. (1) At the original hearing "no affirmative proof (was given) that this note in any way benefited the separate estate" of Bernice Samonek, a married woman. (2) Mortgage foreclosure is statutory, plaintiff did not follow the provisions of the statute (3 Comp. Laws 1929, § 14366, as amended by Act No. 229, Pub. Acts 1933 [Comp. Laws Supp. 1940, § 14366, Stat. Ann. § 27.1134]), and the court had no jurisdiction to enter a money judgment. (Citing *Moore* v. *Probst,* 220 Mich. 497, which in no way involved setting aside a default.) And (3) the amount of the decree was incorrect (excessive) in the light of plaintiff's testimony.

Admittedly the above reasons are quite persuasive that an injustice may have been done to Bernice Samonek by the decree entered in the foreclosure case; but each of them is a matter which could have been and should have been brought to the attention of the trial court by timely application for setting aside the default decree and a rehearing or an appeal should have been taken to this Court. The record before us discloses that in the foreclosure proceedings the trial court had jurisdiction of the subject matter and of the parties, that valid service of process was obtained upon Bernice Samonek, that notwithstanding such service she ignored the process of the court, failed to enter her appearance, and her default was regularly entered. It was made to appear by the testimony that plaintiff's mortgage lien had been extinguished by the foreclosure of a prior mortgage and in consequence thereof no relief could be granted plaintiff in the ordinary form of a foreclosure decree; but nonetheless the court had juris-

diction to dispose of all matters involved, which included granting a personal decree for any amount which could not be satisfied by foreclosure of the lien on the mortgaged property. In the instant case the amount of such money decree was the claimed unpaid portion of the mortgage debt. And under the circumstances failure to comply with the statutory provision relating to foreclosure of mortgages (3 Comp. Laws 1929, § 14366, as amended by Act No. 229, Pub. Acts 1933 [Comp. Laws Supp. 1940, § 14366, Stat. Ann. § 27.1134]) was not justifiable ground for granting a belated motion to set aside a default regularly entered after valid personal service. Further, that there may have been a defect in the testimony at the original hearing, or that the amount of the judgment may have been excessive, is not under the circumstances of this case a valid reason in support of this decidedly belated motion to have a regularly entered default for nonappearance after valid personal service set aside and permission given to plead to the merits of the case. Otherwise, a plaintiff would be deprived indefinitely of finality of adjudication in any case wherein a defendant, although personally served and regularly defaulted, ignored the process of the court. The established practice in this jurisdiction not only justifies but necessitates the conclusion above indicated. Court Rule No. 28, § 4 (1933)*, provided:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within 4 months, after such default is regularly filed or entered."

---

* Court Rule No. 28, § 4 (1945), contains the quoted provision.—
REPORTER.

In the instant case the default of Bernice Samonek was filed November 25, 1939. An interval of nearly four and a half years passed before her motion was made to have her default set aside on May 8, 1944. Even if the application to vacate the default were to be considered as an application for rehearing, it would have to be denied because belatedly made. Court Rule No. 48, § 1 (1933)*, provided:

"On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within 2 months from the entry of the final decree, except where application is made on the ground of newly-discovered evidence, in which case the application must be filed within 4 months."

In the instant proceedings there is no claim of newly-discovered evidence. And, as the circuit judge found, there is under this record no merit to the claim that Bernice Samonek did not enter her appearance because of a fraud perpetrated upon her in consequence of which she was led to believe that her rights would not be adversely affected by the adjudication in the foreclosure suit.

In support of the motion to vacate the default the following reasons, which do not appear to have been considered by the trial judge as at all persuasive, are urged by the appellee, Bernice Samonek. (1) That the alias summons was irregularly issued, (2) that the names of *all* defendants were not inserted in the alias, (3) that the return on the original summons did not show whether Bernice Samonek had been served, (4) that the underwriting on the alias (which was in the form required by court rule. See Court Rule No. 14 [1933]) did not

* Court Rule No. 48, § 1 (1945), contains the quoted provision.—
Reporter.

inform Bernice Samonek that a deficiency decree would be asked against her, (5) because there was an adjustment in the foreclosure proceedings of the liability of other defendants in consequence of which they were released, and (6) that Bernice Samonek (who had not entered an appearance in the case) had no notice of the entry of the decree "until on or about April 15, 1944, when she received notice that her wages had been garnisheed."

Consideration has been given to all of appellee's contentions but we are of the opinion that none of them rendered the decree in the foreclosure proceedings fatally defective, nor do they afford a justifiable ground for granting the belated petition to set aside the decree and vacate the default regularly entered. Our holding herein is in accord with numerous former decisions of this Court. See *Zirkaloso* v. *Wayne Circuit Judge,* 246 Mich. 210; *Michigan Trust Co.* v. *Luton,* 267 Mich. 547; *Vozbut* v. *Pomputis,* 277 Mich. 212; *Domzalski* v. *Guzynski,* 281 Mich. 175; *Stabley* v. *Reliable Lumber & Wrecking Corp.,* 286 Mich. 558.

The order of the trial judge vacating the default of Bernice Samonek and setting aside the decree theretofore entered is reversed and the order entered in the circuit court vacated. Costs to appellant.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, Reid, and Starr, JJ., concurred.