FORBES *v.* ZIEGENHARDT.

1. JUDGMENT—FIRST AND SECOND PETITIONS TO VACATE DECREE FORECLOSING LIEN FOR ASSESSMENTS BY INSURANCE ASSOCIATION'S RECEIVER.

Decree, foreclosing valid lien for assessments by receiver of farmers' mutual fire insurance association, by court having jurisdiction of the subject matter and of the parties by personal service and pursuant to which a valid sale of the property was held and from which original decree, denial of first petition to vacate and denial of motion for rehearing no appeal was taken, was conclusive as to all matters then known that were complained of on second petition to vacate wherein it was sought to interpose various additional defenses.

2. SAME—SECOND PETITION TO VACATE DECREE—DELAY—DISCRETION OF COURT.

Dismissal of second petition to vacate decree foreclosing valid lien for assessments by receiver of farmers' mutual fire insurance association, on merits, made after lengthy argument was within court's discretion and not unconscionable where defendants had had every chance to redeem and contest on the merits and such second petition was not filed within 4 months from time decree was entered (Court Rules No 28, § 4; No 48, § 1 [1945]).

3. SAME—SECOND PETITION TO VACATE DECREE—MOTION TO DISMISS —PREJUDICE.

Defendant landowners, against whom a decree had been entered foreclosing lien for assessments by receiver of farmers' mutual fire insurance association, were not prejudiced by failure of trial court to act formally on the receiver's motion to dismiss

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, § 985 *et seq.;* 30 Am Jur, Judgments, §§ 170, 215.
[2] 31 Am Jur, Judgments, § 717.
[4] 31 Am Jur, Judgments, § 727 *et seq.*

defendants' second petition to vacate where such petition was denied on its merits after lengthy argument.

4. SAME—DUE PROCESS—EQUAL PROTECTION—SECOND PETITION TO VACATE DECREE—ADDITIONAL DEFENSES.

Orders denying belated second petition to vacate decree, entered 5 years earlier and foreclosing lien for assessments by receiver of farmers' mutual fire insurance association, and denying rehearing thereon did not infringe upon defendants' rights of due process or equal protection of the law where matters not complained of were known at time of decree and sale but defendants then failed to interpose the additional defenses.

Appeal from Lapeer; Dehnke (Herman), J., presiding. Submitted April 3, 1950. (Docket No. 79, Calendar No. 44,644.) Decided June 27, 1950. Rehearing denied October 13, 1950.

Bill by David A. Forbes, receiver, against Christof L. Ziegenhardt and another to foreclose a lien. Decree for plaintiff. On petition of defendants to vacate decree. Petition denied. Rehearing denied. Defendants appeal. Affirmed.

*Walter O. Estes, Roger J. Vaughn, John Safran* and *Albin J. Stevens*, for defendants.

*Walter S. Foster*, for creditors' trustees.

*Smith & Smith*, for trustees' assignee.

*Stephen J. Roth*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *Maurice M. Moule*, Assistant Attorney General, for the receiver.

BUSHNELL, J. In 1920, defendants Christof L. Ziegenhardt and Paul J. Ziegenhardt insured with Lapeer Farmers' Mutual Fire Insurance Association the buildings and livestock upon their land described as:

"NW ¼ of section 28, town 10 north, range 12 east, Burnside township, county of Lapeer, Michigan."

The following year they acquired title to the W ½ of the NE ¼ of section 28, town 10 north, range 12 east, containing 80 acres more or less. In 1922, defendants increased their insurance to property owned in section 28.

The insurance association went into receivership in 1935. An assessment for the years 1927 to 1934 was levied by court order on July 27, 1940, and approved in *Attorney General, ex rel. Commissioner of Insurance, v. Lapeer Farmers Mutual Fire Ins. Association,* 297 Mich 174. The receiver, plaintiff David A. Forbes, Insurance Commissioner, filed a bill to foreclose a lien (see *Commissioner of Insurance v. Lapeer Circuit Judge,* 302 Mich 614) on defendants' land on March 19, 1943, for the unpaid amount of $247.10, which was defendants' pro rata assessment share.

Personal service was made on defendants on March 22, 1943, and they filed an appearance on April 5, 1943. After argument by defendants' attorney, their demand for jury trial and part of their pleadings were stricken. Defendants answered on May 7th, but did not appear for trial on July 20th. The deputy receiver there testified to defendants' inclusion in the court's assessment of their unpaid balance of $247.10 and the insurance coverage of the NW ¼, section 28, and W ½ of the NE ¼, section 28, Burnside township, Lapeer county. The decree giving plaintiff a lien for this amount, plus $23 costs, was filed July 26, 1943. This was served on defendants and required payment within a month or, in default thereof, a court sale.

When defendants did not so pay, a public sale was conducted as provided in the decree. The commissioner's report of sale, filed March 11, 1944, showed the purchase of the entire premises by the plaintiff for $316.83, that being the amount of the lien plus costs and expenses. An order confirming

the sale, unless cause to the contrary was shown within 8 days, was served on defendants. Within this time, defendants moved to vacate the decree and sale alleging want of jurisdiction; disqualification of the judge, receiver and commissioner; fraudulent computation of liability; deprivation of jury trial; statute of limitations; statute of frauds; and no capacity to sue. Plaintiff answered and after argument the motion was denied on April 21st. No appeal was taken, but defendants moved to vacate this order, which motion was denied July 7, 1944.

In November of 1944, after the 6 months' redemption period had expired, plaintiff wrote defendants giving them further opportunity to pay. Defendants did nothing.

The creditors of the association entered into an agreement in 1945. (Approved in *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Ins: Association,* 318 Mich 60.) The receiver then transferred all assets to the creditors' trustees on September 11, 1947. The land here involved was included in this transfer and it was sold by the trustees to Grace S. White on September 9, 1948.

On September 8, 1948, defendants petitioned to vacate the decree of July 26, 1943, and to set aside the sale of March 2, 1944, alleging the decree was obtained by fraud; that the insurance issued was in excess of the limit allowed by statute; no proof of defendants' membership in the association; failure of the policy to include the land sold; unjustified sale; grossly inadequate price; disregard of homestead rights and no appraisal. The creditors' trustees denied these allegations and plaintiff filed a motion to dismiss on the grounds of estoppel, laches and *res judicata.* Grace S. White was joined as a party defendant and she was restrained from dispossessing the Ziegenhardts pending a hearing on

the petition to vacate. The petition to vacate the decree and the motion to dismiss this petition were heard April 14, 1949. The court denied defendants' petition to vacate, holding that they were not entitled to reopen the case and relitigate the merits of the lien action.

Defendants then petitioned for a rehearing, claiming among other matters, that the trial judge should have heard the motion to dismiss first and rendered an opinion on that before he could decide their petition to vacate. After argument on June 24, 1949, the court held that the petition to vacate had been denied after a hearing on the merits, and that it was unnecessary to make a formal order disposing of the motion to dismiss. Defendants appealed from the denial of both their petitions.

The assessment, which is the basis of the lien, was held to be valid in *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers' Mutual Fire Ins. Association,* 327 Mich 333, and, also, in *Attorney General, ex rel. Commissioner of Insurance,* v. *Lapeer Farmers Mutual Fire Ins. Association,* 297 Mich 174.

In the decree foreclosing the lien on defendants' property the court had jurisdiction of the subject matter and of the parties by personal service. The sale was in accordance with the decree and complied with its provisions. All matters now complained of were known at the time of the decree and sale. All defenses could have been asserted then, and many were claimed March 21, 1944, in the first petition to vacate the decree and sale. No appeal was taken from the original decree, from the denial of the first petition to vacate, or from the denial of that rehearing. They are conclusive as to all defenses now raised. *Knoth* v. *A. Harvey's Sons Manfg. Co.,* 212 Mich 415; *Drouillard* v. *Labadie,* 248 Mich 503; *Ho-*

*gan* v. *Whitcomb*, 233 Mich 403; and *McDannel* v. *Black*, 270 Mich 305.

The court heard a lengthy argument on the second petition to vacate and dismissed it on the merits. This was within the court's discretion and not unconscionable because defendants had every chance to redeem and contest on the merits. In addition, the present (second) petition to vacate, filed in September of 1948, came too late. Court Rule No 28, § 4 and Court Rule No 48, § 1 (1945); *Barr* v. *Payne*, 298 Mich 85; *Bartnik* v. *Samonek*, 313 Mich 464; and *Gombasy* v. *Gombasy*, 318 Mich 139.

The failure of the court to act formally on plaintiff's motion to dismiss the September petition to vacate did not prejudice defendants. Nor did the court orders infringe upon defendants' rights of due process or equal protection of the law.

The order of the trial court is affirmed. Costs to appellee.

REID, NORTH, BUTZEL, and SHARPE, JJ., concurred with BUSHNELL, J.

DETHMERS and CARR, JJ., did not sit.

BOYLES, C. J., took no part in the decision of this case.