TRAVELERS' INSURANCE CO. OF HARTFORD v. KENT CIRCUIT JUDGE.

1. New Trial—Default Judgment—Remedy Ineffectual.
    Where judgment has been taken against a garnishee defendant, after default for failure to disclose, the granting of a motion for a new trial is of no benefit to the garnishee without setting aside the default, since the new trial will be a mere reassessment of damages in which the result will be the same.

2. Judgment—Default—Setting Aside—Time to Move.
    It is not competent to procure, by motion for a new trial, the vacation of a judgment entered on default, and then, the judgment out of the way, obtain the opening of the default, more than six months after its entry, on the ground that there have been no "proceedings taken after default on the strength thereof," since this would result in accomplishing by indirect action what Circuit Court Rule 12*b* prohibits being secured by direct action.

3. Garnishment—Default of Garnishee—Opening—Time.
    A garnishee defendant, who moves to have the judgment against him vacated and the default upon which it is founded set aside, is entitled to prevail, where, at the time he moves, there is no judgment against the principal defendant.

4. Mandamus—Propriety—Vacation of Default—Remedy by Error.
    Whether the entry nunc pro tunc of a judgment against the

principal defendant in a garnishment case, as of the date of a motion to set aside the default and judgment against the garnishee, affects the legal status of the motion, cannot be determined on mandamus, being reviewable on writ of error from the judgment.

Mandamus by the Travelers' Insurance Company of Hartford to compel Alfred Wolcott, circuit judge of Kent county, to vacate an order extending the time to file a motion for a new trial. Submitted June 19, 1906. (Calendar No. 21,755.) Writ granted July 3, 1906.

*Drew & Heald*, for relator.

*Carroll & Nichols*, for respondent.

BLAIR, J. This is an application for mandamus to require the respondent to vacate an order extending the time within which the Valley City Desk Company might file a motion for a new trial in the case of Travelers' Insurance Company v. Valley City Desk Company et al. Different phases of the matters embraced in this proceeding have been before this court in *Valley City Desk Co.* v. *Kent Circuit Judge*, 139 Mich. 194, and *Valley City Desk Co.* v. *Insurance Co.*, 143 Mich. 468, to which cases reference is made for a statement of the facts.

The granting of a motion for a new trial in this case would be ineffective, unless the default were also set aside, since the new trial would merely be an assessment of damages, and the result must be the same as before. 3 Comp. Laws, § 10604. We do not think it would be competent to procure the vacation of the judgment on motion for new trial and then, having got the judgment out of the way, obtain the opening of the default on the ground that there were no "proceedings taken after default on the strength thereof." This would result in accomplishing by indirect action what the rule [Cir. Ct. Rule 12*b*] prohibits being secured by direct action.

We deem it proper to say, however, that we have not as yet passed upon the question whether the garnishee de-

fendant's motion to set aside the default was not filed in time.   The judgment against the garnishee defendant was entered on November 21, 1904.   On November 23, 1904, the garnishee defendant made his motion to vacate this judgment and set aside the default.   At the time of this motion, no judgment had been entered against the principal defendant, and as the record then stood the garnishee defendant was entitled to prevail.   Whether the entry of a judgment nunc pro tunc on November 25th, under the circumstances of this case, could affect the legal status of this motion, is a question which we cannot determine until it is properly before us for review upon writ of error, as we held in *Valley City Desk Co.* v. *Kent Circuit Judge*, 139 Mich. 194.

The writ is granted.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.