BOYNTON v. KENT CIRCUIT JUDGE.

MANDAMUS—MOTION TO OPEN DEFAULT—ABUSE OF DISCRETION.
  The denial of a motion to open the default of defendant, in an action of assumpsit, based on a consideration of the affidavits of plaintiff and defendant, and involving the determination of a question of fact, is an exercise of discretion not reviewable by mandamus for an alleged abuse of discretion.

Mandamus by Jeremiah W. Boynton to compel Willis B. Perkins, one of the judges of the circuit court for the county of Kent, to vacate an order denying a motion to open relator's default, and to vacate his default in an action at law. Preliminary writ allowed September 28,

1910. Submitted October 18, 1910. (Calendar No. 24,270.)  Writ denied December 7, 1910.

*John W. Powers,* for relator.

*William E. Grove,* for respondent.

HOOKER, J.  The relator was defendant in an action upon a promissory note.  His appearance was duly entered, and his default for not pleading was properly and seasonably entered.  A motion to set aside the default based on his affidavit was denied, and this application is made for a mandamus to compel the circuit judge to vacate and set aside said order, and to make an order vacating the default.

The court heard this application upon affidavits.  The plaintiff's affidavit was the usual formal one, throwing no light upon the questions of fact or law in dispute.  Defendant's affidavit shows how the claim arose, etc., and none of these circumstances were denied.  The court exercised his judgment in the matter, believing the plaintiff and disbelieving the defendant, as he expressly states.  Where, as in this case, the action of the trial court is the exercise of honest judgment on a question of fact, he cannot be chargeable with abuse of discretion.  The case is similar to *Carton* v. *Day,* 157 Mich. 43 (121 N. W. 295).  The writ is denied.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.