CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY
CO. *v.* BERRIEN CIRCUIT JUDGE.

DEFAULT—JUDGMENT—VACATING—PROCEEDINGS.

> Under rule 12, subd. *b*, providing that if the defendant has
> been personally served and proceedings taken after default
> on the strength thereof, the default shall not be set aside
> unless application shall be made within six months after
> such entry, plaintiff's note of issue and demand of a jury
> several months after entering default did not constitute a
> proceeding, so as to prevent the setting aside of the
> default. BIRD, MOORE and STEERE, JJ., dissenting.

Mandamus by the Cleveland, Cincinnati, Chicago &
St. Louis Railway Company against George W. Bridg-
man, Berrien Circuit Judge, to require respondent
to vacate relator's default in an action in which the
corporation aforesaid was defendant. Submitted June
29, 1915. (Calendar No. 26,706.) Writ granted July
23, 1915.

*Gore & Harvey,* for relator.

*James H. Kinnane,* for respondent.

BIRD, J. A writ of mandamus is asked by the de-
fendant in the case of *Cullinane* v. *Cleveland, Cincin-
nati, Chicago & St. Louis Railway Co.,* pending in the
Berrien circuit court, to compel the circuit judge to set
aside its default, which had been theretofore entered
by the plaintiff. Suit was commenced by declaration
on the 31st day of July, 1911, and duly served upon
the defendant. Proof of service was filed on August
17, 1911. On May 12, 1913, plaintiff entered defend-
ant's default for want of appearance. On January 16,
1914, plaintiff filed with the clerk a note of issue and

demand for a jury. Through some misunderstanding or oversight, defendant's counsel did not learn of the default until the 12th day of January, 1914, whereupon they filed a motion to set it aside. After hearing the motion, the circuit judge was quite inclined to grant the motion upon the merits, but concluded that he had no power to do so by reason of Circuit Court Rule 12, subd. (*b*), and accordingly he denied the motion. The material part of rule 12, subd. (*b*), follows:

> "But in cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside, unless the application shall be made within six months after such default is regularly entered."

The question must turn upon whether the act of filing a note of issue and demand for a jury is a proceeding taken after default on the strength thereof. It has been held by this court that the taking of judgment was such a proceeding as would preclude the setting aside of the default (*Petley* v. *Circuit Judge,* 124 Mich. 14 [82 N. W. 666]; *Carpenter* v. *Judge of Superior Court,* 126 Mich. 8 [85 N. W. 265]; *Biensteadt* v. *Circuit Judge,* 142 Mich. 633 [105 N. W. 875]; *Travelers' Ins. Co.* v. *Circuit Judge,* 144 Mich. 687 [108 N. W. 363]; *Caille Bros. Co.* v. *Circuit Judge,* 155 Mich. 480 [120 N. W. 6]; *Burgard* v. *Burgard,* 175 Mich. 565 [141 N. W. 549]), but we have never been called upon to pass upon this precise question. The following definitions of the word "proceeding" are found in Words and Phrases (Vol. 6, pp. 5632, 5633):

> "Proceeding means the performance of an act. The term 'proceedings' in its more general sense in law means all steps or measures adopted in the prosecution or defense of an action."

> "A proceeding in a civil action is an act necessary to be done in order to attain a given end. It is a pre-

scribed mode of action for carrying into effect a legal right."

"The word 'proceeding' is applicable to every step taken by a suitor to obtain the interposition or action of a court."

"In its most comprehensive sense, the term 'proceeding' includes every step taken in a civil action except the pleadings."

It is not uncommon to use the term "proceeding" to designate a suit or action in its entirety, but I am impressed, as applied to this rule, it is not used in that general sense, but is used in a restricted sense with reference to any necessary step that might be taken after default to entitle one to a judgment. The filing of a note of issue and a demand for a jury is a step in the case, and it was a necessary step in order to bring matters to a point where plaintiff would be entitled to take a judgment against the defendant. For this reason we are constrained to hold that filing the note of issue and the demand for a jury was a step or proceeding in the case within the meaning of this rule. Having reached this conclusion, the writ must be denied with costs to respondent.

MOORE and STEERE, JJ., concurred with BIRD, J.

OSTRANDER, J. I do not think the rule should be construed so as to make what was done a "proceeding" within its meaning. The writ will issue.

BROOKE, C. J., and KUHN and STONE, JJ., concurred with OSTRANDER, J.

The late Justice McALVAY took no part in this decision.