DETROIT TRUST CO. *v.* SOSENSKY.

1. MANDAMUS—ABUSE OF DISCRETION—QUESTION OF FACT.

A trial judge cannot be chargeable with an abuse of discretion in a mandamus proceeding reviewing his action where his action is the exercise of honest judgment on a question of fact.

2. SAME—REVIEW OF ACTION OF CIRCUIT JUDGE.

The writ of mandamus is not a writ of right and will be granted as a matter of right only when the duty of the circuit judge is imperative and not discretionary.

3. APPEAL AND ERROR—DISCRETION OF COURT.

Ordinarily the Supreme Court does not interfere with the exercise of discretion by the lower court.

4. SAME—SETTING ASIDE DEFAULT—LACHES.

Defendant who had been served personally with bill of complaint to foreclose a trust mortgage, who sought to set aside default about 10 months thereafter and approximately 9 months after default had been entered and who has failed to furnish a compelling excuse for the delay was guilty of laches, hence trial court's denial of motion to set aside the

default was not an abuse of discretion (Court Rule No. 28, § 4 [1933]).

5. MORTGAGES—DEFAULT—INTERVENTION—PARTIES—DEFICIENCY.

In proceeding to foreclose trust mortgage wherein mortgagor's assignee who had assumed payment of the mortgage was barred by laches from setting aside default entered against him, denial of his wife's petition for leave to intervene was not an abuse of discretion since she was not a party defendant and no judgment could be taken or execution issued against her for the deficiency.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 7, 1941. (Calendar No. 41,673.) Decided January 6, 1942.

Bill by Detroit Trust Company, trustee, against Harry Sosensky and others to foreclose a mortgage. Appeal in the nature of mandamus to set aside order denying appellant Charles L. Miller's motion to set aside a default and appellant Paulena Miller's motion to intervene. Affirmed.

*Max N. Freeman* (*Milton Roberts,* of counsel), for appellants.

*Franklin D. Hepburn,* for appellee.

BOYLES, J. This is an appeal in the nature of mandamus to compel the circuit court for Wayne county to set aside an order denying appellant Charles L. Miller's motion to set aside a default and a motion of appellant Paulena Miller (his wife) for leave to intervene.

In November, 1926, defendants Harry Sosensky and Jennie Sosensky, his wife, executed and delivered to the Detroit Trust Company, plaintiff, as trustee, a certain trust mortgage on property then owned by them in Detroit to secure payment of the principal and interest of $50,000 first mortgage

bonds issued thereunder. In May, 1927, Sosensky and wife deeded the mortgaged premises to appellant Charles L. Miller who, in said deed, assumed and agreed to pay the mortgage indebtedness. The bonds came into default to the extent that when the Detroit Trust Company filed this bill of complaint in May, 1940, to foreclose the mortgage, there was due and unpaid and in default on principal and interest, taxes and other items, a sum in excess of $55,000. The last of said bonds became due in 1937, and in September, 1939, appellants Charles L. Miller and Paulena Miller executed and delivered a supplemental agreement to the Detroit Trust Company, as trustee, assigning the rents and profits from said premises to the trustee. The bill of complaint alleges that Charles L. Miller, by assuming and agreeing to pay the mortgage, became liable for the principal and interest on the bonds, asks for a decree of foreclosure and sale of the premises, and for a decree for deficiency against Charles L. Miller in case the proceeds of the sale are insufficient to pay the indebtedness. Paulena Miller was not made a party to the foreclosure, not having been named as grantee in the deed by which her husband, Charles L. Miller, obtained title in 1927, subject to the mortgage lien.

Summons and bill of complaint were served upon appellant Charles L. Miller, May 27, 1940, the same date the bill was filed. Twenty-six days later, on June 22d, an affidavit of default, affidavit of regularity, and order *pro confesso* were duly filed as to him, no appearance having been filed or entered by him. Through his present counsel he claims that two days after his default was thus entered an attorney retained by him served what purported to be a copy of his appearance on the attorney for plaintiff, but no appearance or pleadings of any kind were filed. He claims that he was not apprised of the default until in December, some six months after it

was entered. As to that, plaintiff's attorney by affidavit in opposition to the motion shows that appellant Charles L. Miller's attorney was informed of the default by letter on June 25th, and that in September Mr. Miller himself was present at a conference and appeared to be fully cognizant of the contents of the bill of complaint and request for deficiency and stated he would attempt to get a new attorney to try to settle the matter. No action was taken by Mr. Miller until December 28, 1940, when notice of his appearance was filed and served by his present counsel. At that time his present counsel advised it was their intention to file a motion to set aside his default and for leave to answer. However, this motion was not filed until more than two months later. On March 10, 1941, counsel for Charles L. Miller filed a motion to set aside his default with a profert of sworn answer and cross bill, and also filed a petition by appellant Paulena Miller for leave to intervene. Affidavits were filed in opposition by plaintiff's attorney. A hearing thereon was promptly held before Judge DeWitt H. Merriam on March 14th, and on March 31st Judge Merriam filed an opinion denying the motion and petition. From the order entered thereon, and on leave granted, appellants Charles L. Miller and Paulena Miller review by appeal in the nature of mandamus to compel setting aside of this order and the default.

Plaintiff does not question but that the motion to set aside the default and the proceedings taken thereunder were in compliance with Michigan Court Rule No. 28, § 4 (1933), which provides:

"Any order entered under this rule may be set aside on special motion for cause shown, in the discretion of the court, on terms."

The issue more aptly stated is whether there was an abuse of discretion by the circuit judge in refus-

ing to set aside the default and in denying the petition of Paulena Miller for leave to intervene.

Appellants contend that "to justify the refusal to set aside a default a case must be one in which serious injury to the plaintiff would otherwise result." The merits of the respective claims of the parties as shown by the affidavits and the proffered sworn answer and cross bill were considered by the court below. Defendant Charles L. Miller sought a reformation of the supplemental agreement entered into in 1939 and claimed that a deficiency judgment against him would be financially ruinous. Plaintiff showed that the entire bond issue had been in default for some years; that the total amount past due exceeded the amount of the original issue, and urged the rights of the bondholders to enforce the mortgage by foreclosure without further delay. In the court's opinion, Judge Merriam pointed out that defendant's attorney was informed of the default by letter shortly after it was entered; that the defendant himself about three months later was advised of the situation, and informed plaintiff's attorney he would have to get a new attorney to do something about it. The motions before the court were not filed until approximately 10 months after the bill of complaint had been served personally on defendant Charles L. Miller, and approximately 9 months after default had been taken.

In *Boynton* v. *Kent Circuit Judge,* 163 Mich. 500, this court said:

"The court exercised his judgment in the matter, believing the plaintiff and disbelieving the defendant, as he expressly states. Where, as in this case, the action of the trial court is the exercise of honest judgment on a question of fact, he cannot be chargeable with abuse of discretion."

In *McCullough* v. *McCullough*, 187 Mich. 404, where a similar question was before this court, we said, citing many cases in support thereof:

"The motion to set aside the default was supported by an affidavit and the sworn answer of defendant. These were met by the affidavit of the complainant, who either denied or explained each of the charges made in the answer.

"We have read the entire record with care. We do not think the chancellor abused the discretion given him by the rule in his disposition of the motion."

In *Sezor* v. *Proctor & Gamble Soap Co.*, 267 Mich. 128, this court said:

"The writ of mandamus is not a writ of right. *Johnson* v. *Board of Supervisors of Ionia County*, 202 Mich. 597. It will be granted as a matter of right only when the duty of the circuit judge is imperative and not discretionary. *Rex* v. *Hughes*, 3 Ad. & E. 425 (111 Eng. Rep. 475). * * *

"Ordinarily this court does not interfere with the exercise of discretion by the lower court. *People, ex rel. Hoffman*, v. *St. Clair Circuit Judge*, 37 Mich. 131; *Breisacher* v. *Judge of Recorder's Court of Detroit*, 223 Mich. 254; *Globe Indemnity Co.* v. *Richer*, 264 Mich. 224."

We see no compelling excuse for defendant Miller's delay. He has been guilty of laches and the bondholders should not be further penalized by his neglect and delay.

Appellant Paulena Miller, wife of Charles L. Miller, petitioned for leave to intervene. It appears from the proffered answer and cross bill that she executed a deed of the premises in September, 1939, at which time the Millers were represented by an attorney of repute who acted for them in the matter. Appellants concede that they do not challenge the

right of the plaintiff to foreclose the mortgage, and appellant Charles L. Miller seeks only to establish that he is not liable for the deficiency. On behalf of Mrs. Miller, counsel claim that "petitioner's primary purpose in seeking intervention is to contest her husband's alleged personal liability." In short, Mrs. Miller seeks to litigate the same question that is precluded by Mr. Miller's laches and default. She is not a party defendant; no judgment can be taken or execution issued against her for the deficiency. There is no merit in her petition for leave to intervene.

The order entered in the court below is affirmed, with costs to appellee.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.