## GOMBASY v. GOMBASY.

1. APPEAL AND ERROR—SETTING ASIDE DEFAULT.
   On appeal from order denying petition to set aside default and decree of divorce thereafter taken, only those acts which may have occurred from time divorce was started to a period four months after the decree was granted are considered, since an application to set aside a default must be filed within 4 months from entry thereof when there has been personal service upon the defendant (Court Rule No. 28, § 4 [1945]).

2. JUDGMENT—SETTING ASIDE DEFAULT.
   Generally, provisions of court rule requiring that application to set aside default be made within four months after default is regularly filed or entered are considered mandatory (Court Rule No. 28, § 4 [1945]).

3. EQUITY—REHEARING—FRAUD—COURT RULES.
   When fraud is alleged as basis for rehearing after expiration of four-month limitation fixed by court rule, rehearing ought

not to be granted without there is reason to believe from the showing made that the charge of fraud can be sustained (Court Rule No. 28, § 4 [1945]).

**4. DIVORCE—CLEAN HANDS—SETTING ASIDE DEFAULT—FRAUD—CONTINUED COHABITATION.**

The taking of proofs on wife's petition to set aside default and vacate decree of divorce awarded to husband was not called for where allegations show that she knew or had reason to believe that husband had procured divorce and her claim that he was guilty of fraud in continuing to cohabit with her even until after expiration of four-month period after decree within which petition to set aside default might be filed required application of clean-hands doctrine since wife had an equal share in the fraud (Court Rule No. 28, § 4 [1945]).

**5. SAME—COSTS ON APPEAL.**

Where wife presented a meritorious question on appeal from order denying her petition to set aside default but order is affirmed, only costs allowed are $100 for expense and attorney fees on appeal.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted April 10, 1947. (Docket No. 49, Calendar No. 43,683.) Decided May 16, 1947.

Bill by George Gombasy against Rose Gombasy for divorce on ground of extreme and repeated cruelty. Default decree for plaintiff. Motion by defendant to set aside decree. Motion denied. Defendant appeals. Affirmed.

*William Kaufman* (*Maxwell I. Silverstein,* of counsel), for plaintiff.

*Donald A. Wallace,* for defendant.

SHARPE, J. Plaintiff, George Gombasy, and defendant, Rose Gombasy, were married on April 16, 1941, in Detroit, Michigan. On February 6, 1946, plaintiff filed a bill for divorce. Personal service

was made on defendant the following day. No appearance having been filed by defendant, an order of default was entered on March 5, 1946, and on April 30, 1946, a divorce decree was granted to plaintiff.

On October 21, 1946, defendant filed her petition to set aside the default and vacate the decree upon the theory that said decree of divorce was procured by fraud in that defendant was induced by plaintiff to refrain from taking action to set aside the default until the time for that purpose had expired:

"(a)  By living and cohabiting with defendant as husband and wife during all the time that this suit was pending and up to the time of the granting of such final decree.

"(b)  By previously starting, and then abandoning six suits for divorce against the defendant, thereby inducing the defendant to believe that he did not intend to prosecute the present cause to final decree."

Defendant also alleges that plaintiff is the owner of a dwelling house, has $1,000 cash in a bank, owns United States Victory bonds in the amount of $500; and that when the decree of divorce was entered she was awarded only the sum of $1 for her dower rights in plaintiff's property.

Plaintiff filed an answer to defendant's petition to vacate the decree and denies all allegations therein except that he is the owner of a house located at 3429 S. Edsel street in the city of Detroit. Further answering said petition plaintiff alleges that defendant wrote him a letter the day previous to the time of obtaining the decree, a part of which reads as follows:

"Thank you for being strong enough to see the divorce through. I hope you will be very happy

tomorrow when you get it. You should also know that if I wanted to stop you you couldn't get it, but go ahead and good luck. At least your darling is happy. What you can do for me is that when you get the divorce decree I would like my maiden name back, Rose Bella. May God bless you and keep you."

Defendant filed a reply to plaintiff's answer in which she alleges that she wrote the letter to plaintiff "because she felt that the psychological effect of this letter on the plaintiff would be to stop him from getting the divorce."

The cause came on for hearing before the trial court and a demand was made by the defendant to take testimony in support of her motion to set aside the default and vacate the decree. The trial court denied the motion to take testimony for the following reasons:

"In her reply to the answer to the petition to set aside the decree she admits writing the letter and says she did that for psychological reasons to change the plaintiff's mind in reference to divorce. From that it clearly appears that she knew about the divorce; she knew that he was going to get it, and if she had any knowledge, as she claims, that he was having intercourse with her and living with her, she knew this before the divorce was granted and if it were true she should have taken steps at that time to inform the court of the matter, as she herself would be guilty of fraud by concealing this knowledge from the court. She can not now come in and use the charge that her husband had relations with her up to the time the decree was granted as grounds to set aside the decree. If this were true the court would in practically every divorce case have to have a rehearing upon such a charge, which could be made very easily."

On January 13, 1947, an order was entered denying the petition to set aside the decree. Defendant appeals and urges that plaintiff perpetrated a fraud upon her in procuring the divorce decree and by inducing her to delay filing her petition to vacate the decree; and that it was an abuse of discretion for the trial court to refuse to take testimony on defendant's petition to vacate the decree.

It is conceded that all of the proceedings in taking the default and the decree were regular and that the petition to set aside the default and vacate the decree was filed approximately six months after the decree was taken. In discussing the issues involved in this case, we shall only consider those acts which may have occurred from the time the divorce was started to a period four months after the decree was granted. For the purpose of passing upon the claims made in the petition filed by defendant and in view of the fact that the trial court declined to take proofs as to the allegations made in said petition, we shall assume that the averments made by the wife are true and shall consider them with other pleadings filed by her in the cause.

Court Rule No. 28, § 4 (1945), reads as follows:

"Any order entered under this rule may be set aside on special motion for cause shown, in the discretion of the court, on terms. In actions at law, the party desiring to have a default set aside shall, as soon as practicable after she shall know or have reason to believe that the default has been filed or entered, file and serve an affidavit of merits, and make application to the court to have the default set aside. In suits in equity, to entitle a defendant to an order setting aside his default for want of appearance or answer, he shall proffer a sworn answer showing a defense on the merits as to the whole or a part of the plaintiff's case. In all

cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within 4 months after such default is regularly filed or entered. And in any case where personal service shall have been made upon a defendant, an order setting aside his default shall be conditioned upon his payment to the plaintiff of the taxable costs incurred in reliance on said default, and the court may impose such other conditions as shall be deemed proper.''

As a general rule, the provisions of this rule are mandatory. An exception to this rule was expressed in *Denby* v. *Ellis*, 245 Mich. 124, where we said:

''Even when fraud is alleged as the ground upon which a rehearing is sought after the expiration of the four-month limitation fixed by the rule, it ought not to be granted without there is reason to believe from the showing made that the charge of fraud can be sustained.''

The fraud relied upon by defendant is that she was led to believe by plaintiff that the divorce suit would be abandoned and that after a decree was taken she was induced to refrain from taking any action to set aside the decree.

We think it can be accepted as a fact that defendant knew that plaintiff intended to pursue the divorce proceedings to a decree. Her letter can be interpreted in no other way. Her claim that she and plaintiff entered into a common-law marriage after the decree was granted is further recognition on her part that a divorce decree was granted and that she was not misled into thinking that plaintiff had abandoned the divorce.

Defendant relies upon *Curtis* v. *Curtis*, 250 Mich. 105, in support of her claim that a hearing should be granted to determine the truth of her allegations

as stated in her petition. In that case it was alleged that the parties cohabited together during the pendency of the divorce suit and that after filing the bill for divorce the husband assured his wife that his suit for divorce had been abandoned. We there said:

"If, after filing the bill for divorce, plaintiff resumed marital relations with defendant and assured her that the suit was abandoned when he had no such intention, he perpetrated a fraud upon defendant, and, by proceeding to decree thereafter and concealing from the court the fact of such resumption of marital rights, such fraud, being extrinsic, will authorize the court to vacate the decree. See *McGuinness* v. *Superior Court of the City and County of San Francisco,* 196 Cal. 222 (237 Pac. 42, 40 A. L. R. 1110)."

We remanded the cause to the circuit court to take proof of the allegations of fraud.

In the case at bar, defendant knew or had every reason to believe that plaintiff had secured a divorce. Her claim of fraud is that by living together after the divorce was granted she was induced to refrain from taking any action to set aside the default until after the time for that purpose had expired. She does not state as in the *Curtis Case* that plaintiff assured her his suit for divorce had been abandoned. Her claim that she was induced to refrain from taking any action to vacate the decree is incompatible with her allegation that the parties entered into a common-law marriage subsequent to the filing of the divorce decree. Her belief that a common-law marriage had taken place is fortified by the fact that she now has pending a suit for divorce from such common-law marriage.

In coming to our conclusion in this cause we are not unmindful that if there was cohabitation after the divorce decree was granted, that defendant has

an equal share in the fraud; and that the doctrine of coming into court with "clean hands" should be applied to the facts in the case at bar.

In our opinion the petition filed by defendant, for the reasons hereinbefore stated did not call for the taking of proofs. The trial court was not in error in refusing to take proofs. The decree is affirmed, without costs except that defendant having filed a petition for attorney fees on appeal and cost of printing record and brief and having presented a meritorious question is allowed the sum of $100 for expenses and attorney fees, the same to be paid within 30 days after filing decree in this cause.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.