## HENSEY v. HENSEY.

1. DIVORCE—SETTING ASIDE DEFAULT—PERSONAL SERVICE.

It is mandatory that application for setting aside a default be made within 4 months after the default has been regularly filed and entered, where there has been personal service made upon the defendant in a divorce case (Court Rule No 28, § 4 [1945]).

2. JUDGMENT—DEFAULT—FRAUD.

Fraud, if properly established, is ground for setting aside default.

3. DIVORCE—SETTING ASIDE DEFAULT—DELAY.

Defendant wife in suit for divorce, who had been personally served with process, was not entitled to have the default set aside and the decree of divorce vacated, where she failed to move to set aside the default within 4 months from time the default was filed (Court Rule No 28, § 4 [1945]).

4. SAME—MOTION TO SET ASIDE DEFAULT—PETITION TO MODIFY DECREE.

Defendant wife's motion to set aside her default upon which interlocutory decree was entered, made after lapse of 4 months from time her default was filed, and by which motion defendant sought modification of such decree because of birth of child about 6 months after the default had been filed, is ordered treated as a petition for modification of decree in order to protect the rights of the parties and the public interest (Court Rule No 28, § 4 [1945]).

5. SAME—DISMISSAL OF APPEAL—SETTING ASIDE DEFAULT—PETITION TO MODIFY DECREE.

Plaintiff's general appeal from order setting aside defendant's default upon which interlocutory decree had been based is not dismissed by Supreme Court on its own motion, where defend-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 17 Am Jur, Divorce § 433; 31 Am Jur, Judgments § 729.
[2] 17 Am Jur, Divorce § 469; 31 Am Jur, Judgments § 653.
[4, 5] 17 Am Jur, Divorce § 431.

ant had not moved to dismiss the appeal herself, and was not entitled to have default set aside and motion to set aside default is treated as a petition to modify decree because of the birth of a child, to the end that matters in dispute may be properly determined (Court Rule No 28, § 4 [1945]).

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted October 4, 1951. (Docket No. 39, Calendar No. 45,094.) Decided December 3, 1951.

Divorce proceedings by Kenneth D. Hensey against Alberta Hensey. Default decree for plaintiff. Defendant filed motion to set aside default. Order setting aside default. Plaintiff appeals. Reversed and remanded with instructions to treat petition as one to modify decree.

*Earl M. Marvin,* for plaintiff.

*James R. Golden,* for defendant.

CARR, J. Plaintiff in this case, on February 7, 1950, instituted suit against defendant for an absolute divorce. The summons was personally served and the appearance of defendant was filed on February 16th thereafter. She failed to answer, and by order entered April 17, 1950, as appears from the calendar entries, her default was taken. On the 3d of May following, a decree of divorce was signed by the trial judge and was filed and entered. It was duly enrolled on May 26th.

By the terms of the decree plaintiff was granted the relief sought. The custody of a minor child of the parties was granted to defendant, and plaintiff was ordered to pay $10 per week for the support of such child. In accordance with the statute and rule (CL 1948, § 552.9 [Stat Ann 1949 Cum Supp § 25.89]; Court Rule No 51, § 6, adopted October 13,

1947) said decree was declared to be interlocutory and to become final 6 months from and after date of entry unless otherwise ordered by the court during such period.

On October 24, 1950, defendant filed a motion to set aside her default and to vacate the interlocutory decree. In connection therewith she proffered her answer to the plaintiff's bill of complaint, together with a cross bill, and asked leave of court to file the same. The motion was accompanied by defendant's affidavit setting forth that on October 13th preceding she had given birth to a child of which the plaintiff was the father. It was further stated that she was not aware of her condition until informed by a physician that she was about 6 months pregnant. The affidavit failed to state specifically when she was so advised. It also set forth defendant's claim that the failure of the decree to make provision for the support of the child in question would constitute a hardship, and that she was unable to support and maintain such child.

The motion was noticed for hearing on October 30, 1950. An order staying the finality of the decree was not sought, nor was such an order entered. The parties stipulated that hearing on the motion might be adjourned to December 5, 1950, and the trial court entered an order accordingly. Plaintiff filed objections to the granting of the relief sought, but the trial judge concluded that the defendant should be granted the relief asked in her motion, and an order was entered on December 5th setting aside the default and the decree, and granting to defendant permission to file her answer and cross bill. These pleadings were combined and alleged in substance that plaintiff was not entitled to a divorce, that he had been guilty of extreme and repeated cruelty towards defendant, and that she was entitled to affirmative relief.

From the order entered by the trial court plaintiff has appealed. It is his claim, in substance, that the court lacked jurisdiction to set aside the default on the basis of the showing made by defendant. Reliance is placed on Michigan Court Rule No 28, § 4 (1945), which provides in part as follows:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within 4 months after such default is regularly filed or entered."

Subject to exceptions, the rule, as stated by this Court in *Gombasy* v. *Gombasy,* 318 Mich 139, 144, is mandatory. The existence of fraud, if properly established, is ground for relief. See *Denby* v. *Ellis,* 245 Mich 124; *Curtis* v. *Curtis,* 250 Mich 105. In the case at bar, however, defendant does not claim fraud on the part of plaintiff nor does she assert any irregularity in the proceedings. There is no showing that brings the case within any exception to the rule stated in *Gombasy* v. *Gombasy, supra.* Defendant's affidavit filed in support of her motion indicates that she sought relief solely because of the birth of the child on October 13th. It did not affirmatively appear from her statements that she was not advised of her condition within the 4-months period following the filing of the default. She failed to make a sufficient showing and was, in consequence, not entitled to have the default set aside and the decree vacated. *Domzalski* v. *Guzynski,* 281 Mich 175; *Bartnik* v. *Samonek,* 313 Mich 464; *Kutiej* v. *Kutiej,* 317 Mich 269.

It does not follow, however, from what is said above that defendant's motion should have been dismissed. Obviously its purpose was to call the attention of the court to matters occurring subsequent

to the signing and entering of the interlocutory decree and prior to the filing of the motion. Specifically, as her affidavit clearly shows, defendant sought to have the trial court so modify the interlocutory decree, on proofs, as to make provision for the custody and support of the child born October 13, 1950. We think that the trial court should have regarded the motion as a petition for modification, and have acted accordingly. That he had jurisdiction to do so is scarcely open to question, and his right to act was not lost by the adjournment of the hearing to a date subsequent to November 3, 1950, when the decree became final. If the matter is handled in this way defendant will receive the hearing to which her showing entitles her, and an adjudication by the court, in accordance with the rights of the parties and the public interest as well, will result.

Counsel for defendant argues in his brief that plaintiff was not entitled to take a general appeal, as the record indicates was done. It is insisted that the matter should come before this Court, if at all, on appeal in the nature of mandamus for the prosecution of which leave of this Court is required. The claim is not without merit. *Quail* v. *Cole,* 260 Mich 642. However, no motion has been made to dismiss the appeal, and in view of the nature of the controversy we do not feel that this Court should take such action on its own initiative. To the end that the matters in dispute between the parties may be properly determined, the course above suggested is not only proper but perhaps necessary.

An order will enter setting aside the order of the trial court from which plaintiff has appealed and remanding the case with directions to the trial court to consider defendant's motion as a petition for the modification of the decree by including therein such provisions as may be found proper, after hearing,

with reference to the custody and support of the child referred to in such petition. No costs are allowed.

REID, C. J., and NORTH, DETHMERS, BUSHNELL, and SHARPE, JJ., concurred. BOYLES, J., concurred in the result. BUTZEL, J., did not sit.