## WALTERS *v.* ARENAC CIRCUIT JUDGE.

### DECISION OF THE COURT.

1. APPEAL AND ERROR—DISMISSAL OF IMPROPER APPEAL—RES JUDICATA.

Dismissal of an improper appeal taken as a matter of right is not an adjudication of the question of the grant or denial of right of review, nor an adjudication on the merits of the application for superintending control as alternatively sought with a petition to consider appeal taken as an application for leave to appeal, but is an adjudication that no appeal of right lay from an interlocutory order vacating a default.

2. JUDGMENT—SETTING ASIDE DEFAULT—COSTS.

Order setting aside regularly entered default is affirmed and application for writ of superintending control is denied, but order granting $25 costs is increased to $250 in each of 2 cases commenced by plaintiffs to cover travel and out-of-office time, as well as time involved in preparing pleadings filed shortly after service of summons, but without costs in Supreme Court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5, 13]  5 Am Jur 2d, Appeal and Error § 930.
[2, 12]  20 Am Jur 2d, Costs §§ 52, 53, 72, 78.
[4]  4 Am Jur 2d, Appeal and Error §§ 47, 48, 50.
[6]  30A Am Jur, Judgments §§ 632, 636.
[7]  30A Am Jur, Judgments § 665.
[8]  30A Am Jur, Judgments §§ 632, 665.
[10]  30A Am Jur, Judgments § 632.
[11]  5 Am Jur 2d, Appeal and Error § 854.
[14]  20 Am Jur 2d, Courts §§ 85, 86.
[15]  20 Am Jur 2d, Courts §§ 67, 189, 195.
[16]  30A Am Jur, Judgments §§ 713, 715, 716.
[17]  30A Am Jur, Judgments § 713.
[18]  30A Am Jur, Judgments §§ 633, 713.

Separate Opinion.
Dethmers, Kelly, and O'Hara, JJ.

3. See headnote 1.

4. Same—Leave to Appeal—Interlocutory Order.
   Denial of an application for leave to appeal an interlocutory
   order does not foreclose litigants from ultimate review of
   the propriety of the challenged order.

5. Same—Dismissal of Appeal—Interlocutory Order—Leave to
   Appeal—Superintending Control.
   Supreme Court's grant, without more, of motion to dismiss appeal
   taken as of right from interlocutory order granting motion
   to vacate defaults did not foreclose Supreme Court's review
   of order vacating defaults either by leave to appeal granted,
   or upon petition for superintending control.

6. Judgment—Setting Aside Entry of Default—Discretion of
   Court—Good Cause.
   An entry of default may be set aside, in the discretion of the
   court, where defaulted defendant makes application to do so
   before entry of the judgment and shows good cause for setting
   aside the default (GCR 1963, 520.4).

7. Same—Setting Aside Entry of Default—Negligence of Attor-
   ney or Litigant.
   Negligence of either the attorney for a litigant or the litigant
   is not normally ground for setting aside a default that has
   been regularly entered (GCR 1963, 520.4).

8. Same—Setting Aside Entry of Default—Malpractice—Negli-
   gence of Defendant's Insurer.
   Order setting aside regularly-entered default against defendant
   physician in malpractice case held, not an abuse of discretion
   on part of trial court, where such defendant had been per-
   sonally served and turned over the papers to his insurance
   company, since he is entitled to his day in court, and the
   culpable negligence of the unnamed liability insurer should
   not be imputed to the defendant doctor.

9. Same—Determination on Merits.
   The trend of our jurisprudence is toward meritorious determina-
   tion of issues.

10. Appeal and Error—Setting Aside Judgment—Abuse of Dis-
    cretion.
    Ruling of trial court on application to set aside its judgment
    or decree will not be disturbed unless shown to have been a
    clear abuse of discretion.

11. JUDGMENT—SETTING ASIDE DEFAULT.

*The scope of review of an order setting aside only a default is no greater than that of an order setting aside a judgment or decree.*

12. See headnote 2.

DISSENTING OPINION.

T. M. KAVANAGH, C. J., and SOURIS and ADAMS, JJ.

13. See headnote 1.

14. JUDGMENT—SETTING ASIDE DEFAULT—PRESUMPTIONS—COURT RULES.

*It is presumed that trial judge found it would not be feasible to apply new court rules after January 1, 1963, or that it would work an injustice then to apply them, where he was confronted after that date with a motion to set aside a regularly filed and entered default as to a defendant who had been personally served with process and trial judge specifically based his order granting the motion upon former court rules (Court Rule No 28, §§ 1-4 [1945]; GCR 1963, 14).*

15. COURTS—MAJORITY—PRECEDENT.

*An opinion subscribed to by 4 of the 7 participating members of an 8-member Supreme Court does not establish a precedent, since a majority of the full Court has not been in accord on the rationale for decision.*

16. JUDGMENT—SETTING ASIDE DEFAULT—APPLICATION.

*A default for failure to plead may not be set aside, where personal service has been made upon the defendant and proceedings taken after default on the strength thereof, unless application therefor has been made within 4 months after the default is regularly filed and entered (Court Rule No 28, § 4 [1945]).*

17. SAME—SETTING ASIDE DEFAULT—PROCEEDINGS.

*The term* proceedings, *as used in court rule pertaining to the setting aside of defaults, means the form and manner of conducting juridical business before a court or judicial officer, regular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment (Court Rule No 28, § 4 [1945]).*

18. SAME—SETTING ASIDE DEFAULT—PROCEEDINGS.

*A writ of superintending control is ordered to issue to reinstate a default previously regularly entered against a defendant*

*who had been personally served with process, where motion to set aside the default had not been made within 4 months from its entry and after proceedings had been taken following entry by placing matter on calendar for 2 terms and obtaining a date for taking proofs for actual entry of judgment, it being mandatory to observe the 4-month rule imposed by former court rule under such circumstances (Court Rule No 28, § 4 [1945]; GCR 1963, 711).*

Margaret Walters and Clarence Walters sought, in the Supreme Court, a writ of superintending control, in the nature of mandamus, directing Dennis J. O'Keefe, circuit judge for the county of Arenac, to reinstate a default entered by plaintiffs in a malpractice suit. Submitted May 13, 1965. (Calendar No. 34, Docket No. 50,836.) Writ denied, costs reassessed, and cause remanded for trial, January 5, 1966.

*Cicinelli, Mossner, Majoros & Harrigan (Peter F. Cicinelli* and *Eugene D. Mossner,* of counsel), for plaintiffs.

*Moll, Desenberg, Purdy, Glover & Bayer,* for defendant.

O'HARA, J. This case is before us upon an order to show cause why a writ of superintending control in the nature of mandamus[1] should not issue directing the circuit judge to reinstate a default entered by plaintiffs against a doctor of medicine, the named defendant in that action.

Plaintiffs began their action by issuance of summons on May 27, 1961. Defendant was personally served therewith on June 2, 1961. June 9th of that year, plaintiffs filed their declarations, and on June 30th, defaulted defendant for failure to appear or file an answer.

---

[1] See GCR 1963, 711.—REPORTER.

The chronology thereafter becomes to a degree unclear and is the subject of dispute between plaintiffs' counsel and the attorneys who ultimately appeared for the defendant-doctor. We believe it may be fairly said from the record that plaintiffs' counsel made *bona fide* effort to obtain a day certain upon which to be heard and to introduce the proof in support of a default judgment. The time for this proceeding was finally fixed as December 12, 1961. Counsel confirmed the date by letter to the clerk of the circuit court.

On December 6, 1961, the attorneys later to represent the defendant received an Arenac term calendar by reason of other representation, which listed the actions pending against the defendant-doctor, and which showed him to be in default.

Defendant counsel, for reasons not relevant here, knew the insurer of the defendant-doctor and immediately communicated this information to that company. Investigation by the latter revealed that the summons had been misfiled. The day following the learning of the default, counsel entered an appearance for the doctor and the following day moved to set aside the default, supporting the motion with affidavits of merit. Answer thereto was made. In consequence of these pleadings, the December 12th hearing to take proofs on the judgment was not held. For reasons again not entirely clear in the record (save several agreed adjournments) the motion to set aside the default was not heard until May 20, 1963. An order setting aside defaults was entered July 15th following.

Plaintiffs appealed to this Court as of right. On December 2, 1963, we dismissed this appeal as then taken. Plaintiffs, in answering defendant's motion to dismiss, asked (a) that the motion to dismiss be denied or (b) that the appeal taken of right be

treated as an application for leave to appeal or (c) that a writ of superintending control issue directing the trial judge to vacate the order setting aside the original default. No opinion accompanied our dismissal of the appeal. On February 25, 1964, plaintiffs filed a direct application for superintending control. We granted an order to show cause. The circuit judge made his return, and the question for consideration is the grant or denial of the motion to vacate his order setting aside the default.

Appellee contends, first, that our "rejection" of the request for a writ of superintending control when it was sought alternatively in the answer to the motion to dismiss the appeal is conclusive, and that the correctness of the order vacating the default is *res judicata*.

Our dismissal of the improperly taken appeal of right was not an adjudication of the question of the grant or denial of right of review. Neither was it an adjudication on the merits of the application for superintending control as alternatively sought with the petition to consider the appeal taken as an application for leave to appeal. Our order of dismissal of the appeal of right, without elaboration, adjudicated only that no appeal of right lay from the interlocutory order vacating the default. In *Great Lakes Realty Corporation* v. *Peters,* 336 Mich 325, we affirmed our holding in *Malooly* v. *York Heating & Ventilating Corp.,* 270 Mich 240, that denial of an application for leave to appeal an interlocutory order does not foreclose litigants from ultimate review of the propriety of the challenged order. Analogously neither did our mere grant, without more, of the motion to dismiss the appeal here taken as of right, foreclose our review of the circuit judge's order vacating the defaults, either by leave to appeal granted, or upon petition for superintending control,

Appellants urge in their first stated question that the grounds for failure to appear, the misfiling of the summons after service on the insured and delivery by him to the insurer, is not good cause for setting aside the default regularly entered. Secondly, they contend that assuming no abuse of discretion, the Court was without jurisdiction to set aside the default after the 4-month period specified by former Court Rule No 28, § 4 (1945).[2]

We discuss the questions in inverse order.

The circuit judge expressly held:

"The right to set aside a default *judgment* seems to rest upon the interpretation of Court Rule No 28, §§ 1 through 4, with section 4 of said rule being applicable in this case." (Emphasis supplied.)

In this holding we believe the able trial judge was in error. This case is not concerned with setting aside a default *judgment*. No judgment had been entered. What is involved here was setting aside an *order* of default. This is procedural and is controlled by the practice, as prescribed, as of the time the judicial action is taken. The circuit judge's order was entered July 15, 1963 and rests upon GCR

[2] "Any order entered under this rule may be set aside on special motion for cause shown, in the discretion of the court, on terms. In actions at law, the party desiring to have a default set aside shall, as soon as practicable after he shall know or have reason to believe that the default has been filed or entered, file and serve an affidavit of merits, and make application to the court to have the default set aside. In suits in equity, to entitle a defendant to an order setting aside his default for want of appearance or answer, he shall proffer a sworn answer showing a defense on the merits as to the whole or a part of the plaintiff's case. In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within 4 months after such default is regularly filed or entered. And in any case where personal service shall have been made upon a defendant, an order setting aside his default shall be conditioned upon his payment to the plaintiff of the taxable costs incurred in reliance on said default, and the court may impose such other conditions as shall be deemed proper."

1963, 520, as affected by GCR 1963, 528, both effective January 1, 1963. The trial court held the former and present rules to be substantially the same. We expressly refrain from passing on this point because it is not decisionally involved. For this reason, we also refrain from reexamining *Cleveland, C. C. & St. L. R. Co.* v. *Berrien Circuit Judge,* 187 Mich 444. We do note, however, that the documented dissent seems more considered than the conclusionary majority holding.

The applicable subsection of the present rule reads:[3]

"Setting aside default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528. If personal service was made upon the party against whom the default was taken, it shall not be set aside unless application to have it set aside is made either before the entry of judgment or within 4 months after the default was regularly filed or entered except as provided in Rule 528. Any order setting aside such default shall be conditioned upon the party against whom the default was taken paying the taxable costs incurred by the other party in reliance upon the default, except as prescribed in sub-rule 526.8. Other conditions may be imposed as the court deems proper. A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

The first clause of the first sentence is what we must initially consider. It provides unequivocally that for "good cause" shown the court, in its discretion, may set aside any entry of default. This general grant of discretionary power in relation to a

[3] GCR 1963, 520.4.

default (and we are not here considering a default *judgment*) is limited by the following restrictive language:

*"If personal service was made upon the party against whom the default was taken,* it shall not be set aside unless application to have it set aside is made *either before the entry of judgment or within 4 months after the default was regularly filed or entered."* (Emphasis supplied.)

We do not here consider, nor undertake to pass upon, the situation where personal service has not been made upon the party against whom the default was taken. Thus in this case where personal service was made, the power of the court to set aside the default is dependent upon existence of 1 of the 2 conditions precedent set out in the rule. Absent one or the other of those conditions, the language of the rule is unequivocal, "it [the] default *shall not be set aside."* No question here arises that the application to have the default set aside was made within the requisite 4 months. However, the application *was* made "before the entry of judgment," and the court was empowered to set it aside. Thus the question is "was good cause shown." This must be determined from the affidavits of merit filed in support of the motion to set aside the default and the counter-affidavits.

Three affidavits were filed in support of the motion to vacate the default—one by an attorney in the firm which later filed the doctor's appearance and answer; one by an employee of the doctor's insurer, and one by the doctor himself. The attorney's affidavit could hardly be expected to establish good cause. It recites in simple substance that once, he, the attorney, learned the doctor had been defaulted, he, the attorney, acted with all promptitude and that in his, the attorney's, opinion the doctor had a meri-

torious defense. The first ground is after the fact and irrelevant. The diligent counsel could have done nothing prior to the fortuitous receipt of the term calendar. It is well settled in this jurisdiction that the negligence of either the attorney or the litigant is not normally grounds for setting aside a default regularly entered. See *White* v. *Sadler,* 350 Mich 511, 522, and cases therein cited. There is no negligence of an attorney here involved.

The doctor averred he did what any reasonably prudent person would do under the circumstances when he was personally served. He turned the "papers" over to his insurance company. We do not consider him obligated to call daily to see whether the insurer did what it had contracted and accepted a premium to do. We find no neglect on his part disclosed by the record before us.

The culpable negligence was that of the involved insurer. The question is then whether that negligence of the unnamed defendant liability insurer, should be imputed to and be conclusive upon the defendant doctor.

We recognize that in the realities of this situation, irrespective of the named defendant, the real defendant, to the extent of the policy provisions, was the insurer. This conclusion is record-supported by the fact that when counsel received the term calendar showing the named doctor-defendant to be in default, he communicated not with the doctor but with his insurer. It seems an inescapable conclusion that the insurer directed the communicating counsel to appear and answer.

On the merits of the main case, the doctor-defendant may have been blameless beyond question. He may have been in legal dimension answerable. The question is not before us. It has not been meritoriously litigated under our system of determination of that issue.

The trend of our jurisprudence is toward meritorious determination of issues. The complexities of our economic system placed the named defendant-doctor in the position of having no way to reach trial on the merits because his insurer was negligent. The money judgment, if such resulted, might have to be paid in full or in part by the insurer. Absent doing violence to the rules of the jurisprudential game, we think the doctor should be entitled to his day in court.

By this holding we would not be understood to dilute the well-settled law of this jurisdiction that the neglect of a personally served defendant, nor that of his counsel, may not ordinarily be grounds for setting aside a default regularly entered. See *White* v. *Sadler, supra,* at p 522.

However, plaintiffs, too, who proceeded in the prescribed manner should not be penalized by reason of the insurer's negligence. Having concluded that the insurer selected and retained the doctor's counsel, we conclude it will likewise be obligated to pay the counsel fees and costs arising out of the litigation.

We conclude that the circuit court did not abuse its discretion in setting aside the default. We approved in *Crew* v. *Zabowsky,* 357 Mich 606, 610, the language in *Kirn* v. *Ioor,* 266 Mich 335, 338:

"It is long-settled textbook law, sustained by abundant decisions in this Court and elsewhere that, in cases within jurisdiction of the trial court, its ruling on application for an order setting aside a judgment or decree is strictly discretionary and will not be disturbed by an appellate court, unless a clear instance of abuse of discretion is shown."

The scope of review of an order setting aside only a default is certainly no greater than that of an order setting aside a judgment or decree.

We believe, however, the amount of $25 costs to be paid by defendant is unrealistic in that it is not related to actual time-money expended by plaintiffs. Counsel had travel and out-of-office time, as well as the time involved in preparing the pleadings filed shortly after the service of the summons. We modify Judge O'Keefe's order to require payment of costs of $250 in each case in the circuit court. Except as to this modification, the order of the trial court is affirmed and the application for writ of superintending control is denied. No costs are awarded in this Court.

DETHMERS and KELLY, JJ., concurred with O'HARA, J.

BLACK and SMITH, JJ., concurred in result.

T. M. KAVANAGH, C. J. (*dissenting*). This matter is before us on an order to show cause why a writ of superintending control[1] in the nature of mandamus should not issue directing the circuit judge to reinstate a default regularly entered by plaintiffs against the named defendant in an action in the circuit court for the county of Arenac.

Plaintiffs began their action in the original case by issuance of summons on May 27, 1961. Defendant therein was personally served on June 2, 1961. Plaintiffs filed their declaration on June 9, 1961, and on June 30, 1961, defendant was defaulted for failure to appear and answer. We are informed that the entry of the default was listed in both the September 1961 and December 1961 calendars of the court.

The record also discloses that plaintiffs' counsel made a bona fide effort to obtain a day certain upon which to introduce proofs to have a default judg-

[1] See GCR 1963, 711.—REPORTER.

ment entered from June 30th until a date was finally
fixed as December 12, 1961. This date counsel con-
firmed by letter to the clerk of the circuit court.

On December 6, 1961, the attorneys later to rep-
resent the defendant received an Arenac county term
calendar by reason of representation of other clients,
which listed the actions pending against the defend-
ant and which showed him to be in default. Defend-
ant's counsel knew the insurer of the defendant and
immediately communicated this information to that
company. Investigation by the company revealed
that the summons had been misfiled. On December
7, 1961, having learned of the default a day earlier,
counsel entered an appearance for the defendant
and the following day moved to set aside the de-
fault, supporting the motion with affidavits of merit.
Answer thereto was made. In consequence of these
pleadings, the December 12th hearing to take proofs
on the judgment was not held. Several agreed ad-
journments were entered into and the motion to set
aside the default was not heard until May 20, 1963.
An order setting aside the default was entered on
July 15, 1963.

Plaintiffs appealed to this Court as a matter of
right the order setting aside the order of default.
Defendant moved to dismiss the appeal as of right,
since the order was interlocutory. Plaintiffs, in an-
swering defendant's motion to dismiss, asked (a)
that the motion to dismiss be denied, or (b) that the
appeal taken of right be treated as an application for
leave to appeal, or (c) that a writ of superintending
control issue directing the trial judge to vacate the
order setting aside the original default. We dis-
missed the appeal as taken. No opinion accom-
panied our dismissal of the appeal.

On February 25, 1964, plaintiffs filed this direct
application for superintending control. We granted

an order to show cause. The circuit judge made his return, and the question for consideration is the grant or denial of the motion to vacate his order setting aside the default.

Appellee contends that our rejection of the request for a writ of superintending control, when it was sought alternatively in the answer to the motion to dismiss the appeal, is conclusive and that the correctness of the order vacating the default is *res judicata.*

Our dismissal of the improperly taken appeal of right was not an adjudication of the grant or denial of right of review. Neither was it an adjudication on the merits of the application for superintending control as alternatively sought with the petition to consider the appeal taken as an application for leave to appeal. Our order of dismissal of the appeal of right, without elaboration, adjudicated only that no appeal of right lay from the interlocutory order vacating the default.

Appellants urge in their first stated question that the failure to appear because of the misfiling of the summons by the insurer, after service on the insured and delivery by him to the insurer, is not good cause for setting aside the default regularly entered. Secondly, they contend that assuming no abuse of discretion, the court was without jurisdiction to set aside the default after the 4-month period specified by former Court Rule No 28, § 4 (1945).[2]

---

[2] "Any order entered under this rule may be set aside on special motion for cause shown, in the discretion of the court, on terms. In actions at law, the party desiring to have a default set aside shall, as soon as practicable after he shall know or have reason to believe that the default has been filed or entered, file and serve an affidavit of merits, and make application to the court to have the default set aside. In suits in equity, to entitle a defendant to an order setting aside his default for want of appearance or answer, he shall proffer a sworn answer showing a defense on the merits as to the whole or a part of the plaintiff's case. *In all cases where personal service shall have been made upon a defendant,*

We discuss the questions in inverse order.

I cannot agree with the reasoning of Justice O'HARA in applying GCR 1963, 520, effective January 1, 1963.

The trial judge in his order of July 15, 1963, setting aside the entry of default, said:

"The right to set aside a default judgment seems to rest upon the interpretation of Court Rule 28, §§ 1 through 4, with section 4 of said rule being applicable in this case, which reads substantially as follows:

" 'In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall have been made within 4 months after such default is regularly filed and entered.'

"The above court rule is substantially the same as GCR 1963, 520, which court rule makes reference to GCR 1963, 528, the latter rule sets forth on what grounds a default may be set aside.

"In reading the court rule, the court feels that it contemplated some further action being taken as a result of said default having been filed or entered, such as the entry of a judgment."

GCR 1963, 14, provides:

"These rules will take effect on January 1, 1963. They govern all proceedings in actions brought after that date and also all further proceedings in actions then pending except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feas-

*and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within 4 months after such default is regularly filed or entered. And in any case where personal service shall have been made upon a defendant, an order setting aside his default shall be conditioned upon his payment to the plaintiff of the taxable costs incurred in reliance on said default, and the court may impose such other conditions as shall be deemed proper."* (Emphasis supplied.)

ible, or would work injustice, in which event, the former procedure applies."

Justice O'Hara, without any reason, has proceeded to apply the new rules.

The trial judge applied former Court Rule No 28. It would seem to us that we are bound to apply the old rules, as he did, with reference to the subject matter of this suit. Although his opinion does not state either of the reasons in GCR 1963, 14, we think we have to presume that the trial judge either found it would not be feasible to apply the new rules or that it would work an injustice to apply them.

The trial judge, however, in applying the old rules applied them erroneously. He seemed to believe there was no significant difference between former Court Rule No 28, §§ 1 through 4, and GCR 1963, 520 and 528. GCR 1963, 520, is substantially different in that it provides:

".4 Setting aside default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528. If personal service was made upon the party against whom the default was taken, it shall not be set aside unless application to have it set aside is made *either before the entry of judgment or within 4 months after the default was regularly filed or entered except as provided in Rule 528.*" (Emphasis supplied.)

It is to be noted that former Court Rule No 28 deals with the setting aside of an entry of default and not a default judgment. It says it should not be set aside unless the application shall have been made *within* 4 months after such default is regularly filed and entered. The new rule provides that it may be set aside either *before entry of judgment or within 4 months after the default* was

regularly filed or entered, except as provided in Rule 528.

In commenting on section 4 of former Court Rule No 28, Jason Honigman asserts that "In order for the 4-month mandatory limitation to apply, the rule requires that proceedings be taken on the strength of the default. In practical effect it means that the default has been followed up by entry of a judgment or decree based thereon." Honigman Michigan Court Rules Annotated (1949), p 275.

Despite this quotation, only 3 reported appellate decisions involve the precise issue with which we are concerned: the setting aside of an entry of default after the 4-month period and prior to entry of judgment.

In the case of *Cleveland, C. C. & St. L. R. Co.* v. *Berrien Circuit Judge,* 187 Mich 444, the Court in a two-sentence opinion by Justice OSTRANDER, said (p 446): "I do not think the rule should be construed so as to make what was done a 'proceeding' within its meaning. The writ will issue." Three of the Justices concurred with Justice OSTRANDER, in effect holding that the plaintiff's note of issue and demand for a jury did not constitute "proceedings." Justice BIRD, joined by Justices STEERE and MOORE, in a dissenting opinion said (pp 445, 446):

"The following definitions of the word 'proceeding' are found in Words and Phrases (vol 6, pp 5632, 5633):

" 'Proceeding means the performance of an act. The term "proceedings" in its more general sense in law means all steps or measures adopted in the prosecution or defense of an action.'

" 'A proceeding in a civil action is an act necessary to be done in order to attain a given end. It is a prescribed mode of action for carrying into effect a legal right.'

" 'The word "proceeding" is applicable to every step taken by a suitor to obtain the interposition or action of a court.'

" 'In its most comprehensive sense, the term "proceeding" includes every step taken in a civil action except the pleadings.' "

Justice Bird went on to say (p 446):

"It is not uncommon to use the term 'proceeding' to designate a suit or action in its entirety, but I am impressed, as applied to this rule, it is not used in that general sense, but is used in a restricted sense with reference to any necessary step that might be taken after default to entitle one to a judgment. * * * For this reason we are constrained to hold that filing the note of issue and the demand for a jury was a step or proceeding in the case within the meaning of this rule."

Justice McAlvay did not participate in this case.

While this is a dissenting opinion, the majority opinion, not having had a majority of the 8-member Court, establishes no precedent, at least according to some present writing.

In the case of *Vozbut* v. *Pomputis*, 277 Mich 212, plaintiff was appealing the lower court's granting of defendants' motion to set aside their default judgment almost one year seven months after default was regularly entered. After quoting Court Rule No 28, § 4 (1933) (substantially the same as Court Rule No 28, § 4 [1945]), the Court, without mentioning the case of *Cleveland, C. C. & St. L. R. Co.* v. *Berrien Circuit Judge, supra,* decided that (p 215) "the default for failure to plead was regularly entered after personal service and appearance; the default should not have been set aside."

The third case is *Detroit Trust Co.* v. *Sosensky,* 300 Mich 353, where the Court, without discussing the issue, refused to set aside the lower court's

denial of defendant's motion to set aside a default on the grounds of laches.

The reasoned dissent in the *Cleveland, C. C. & St. L. R. Co. Case,* together with the *Vozbut Case,* compels us to conclude that in all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within 4 months after such default is regularly filed or entered.

In this context, proceedings means "In a general sense, the form and manner of conducting juridical business before a court or judicial officer; regular and orderly progress in form of law; including all possible steps in an action from its commencement to the execution of judgment." Black's Law Dictionary (4th ed 1951), p 1368. See, also, dissent in *Cleveland, C. C. & St. L. R. Co.* v. *Berrien Circuit Judge, supra.*

Justice VOELKER writing for the Court in *White* v. *Sadler,* 350 Mich 511, 521, 522, said:

"Our Court has traditionally been strict on setting aside defaults once regularly entered. Where a default following personal service is regularly taken, the court rule providing that it shall not be set aside after a certain time (presently 4 months) has generally been regarded as mandatory (*Hensey* v. *Hensey,* 331 Mich 518; *Gombasy* v. *Gombasy,* 318 Mich 139; *Watkins* v. *Wayne Circuit Judge,* 247 Mich 237), and this rule, however harsh, has been subject to few exceptions, the most notable being that of fraud (*Hensey* v. *Hensey, supra*), which is not urged or suggested here."

The statement given above was quoted by Justice BLACK in his opinion in *Haenlein* v. *Saginaw Building Trades Council, A.F.L.,* 361 Mich 263, 266.

When plaintiffs caused entry of default, placing of matter on calendar in two terms, negotiated and obtained a date for taking proofs for the actual entry of judgment, "proceedings" were taken within the meaning of former Court Rule No 28, so that the 4-month mandatory provision in the rule was operative.

In view of our disposition of this question, it is not necessary to discuss the first question.

The writ of superintending control should issue directing the circuit judge to reinstate the default previously regularly entered by plaintiffs.

Plaintiffs should have costs.

Souris and Adams, JJ., concurred with T. M. Kavanagh, C. J.